MATTER OF GARDOS

In DEPORTATION Proceedings

A-11845805

*Decided by Board May 7, 1963*

An alien convicted in 1956 of unlawful possession of marihuana in violation of section 4, paragraph 1, of the Opium and Narcotic Drug Act of Canada, is deportable under section 241(a)(11) of the Immigration and Nationality Act, as amended by the Act of July 14, 1960.*

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry, section 212(a)(23)—Convicted of violation of law relating to illicit possession of narcotic drugs—Section 4, paragraph 1, of the Opium and Narcotic Drug Act, R.S.C. 1952, C. 201 and amendments—Canabis sativa (marihuana).

Lodged: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted at any time of violation of law or regulation relating to illicit possession of marihuana—Section 4, paragraph 1, of Opium and Narcotic Drug Act of Canada, R.S.C. 1952, C. 201 and amendments.

The case comes forward on appeal from the order of the special inquiry officer dated February 8, 1963 ordering that the respondent be deported to Canada on the lodged charge.

The record relates to a native of Hungary, a citizen of Canada, who last entered the United States at Highgate Springs, Vermont on or about August 4, 1959. On August 1, 1956 he was convicted in the District of Montreal, Province of Quebec, Canada of the crime of unlawful possession of a narcotic drug, marihuana, otherwise known as canabis sativa, in violation of section 4, Paragraph 1 of the Opium and Narcotic Drug Act, R.S.C. 1952, C. 201, and amendments, and was sentenced to serve a term of imprisonment for six months.

Deportability is sought under section 241(a)(11) of the Immigration and Nationality Act as amended by section 9 of the Act of July 14, 1960 which amended the Act to include illicit possession of

*Order of deportation affirmed, *Gardos* v. *Immigration and Naturalization Service*, 324 F.2d 179 (C.A. 2, 1963).

marihuana and to provide specifically for the deportation from the United States of a person who had been convicted under any law or regulation relating to the illicit possession of marihuana. The record establishes that the respondent has been convicted of a law relating to the illicit possession of marihuana. Counsel, however, argues that the law is an ex post facto law and therefore unconstitutional and urges that the proceedings be terminated because Congress in enacting the law intended to render deportable a person only if he had been convicted of violation of such law after July 14, 1960. Since the respondent had been convicted on August 1, 1956, and not after entry, counsel contends that the charge must fail.

Section 241(a)(11) of the Immigration and Nationality Act as amended by the Act of July 14, 1960 provides for the deportation of any alien in the United States who "is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana * * *". The Report of the Senate to accompany House Joint Resolution 397, of which the amended statute was a part, shows that the purpose of the Joint Resolution was to clarify the legislative intent expressed in sections 212(a)(23) and 241(a)(11) of the Immigration and Nationality Act providing, respectively, for the exclusion and deportation from the United States of aliens convicted of a violation of narcotic laws.[1]

The comment of the Acting Secretary of the Treasury dated January 13, 1960 was to the effect that there can be no valid distinction for the deportation or exclusion of an alien who has been convicted of the illicit possession of narcotic drugs (which is now the law) and not such a provision for an alien who has been convicted of the illicit possession of marihuana; aliens who are convicted of violation of narcotic or marihuana laws should be excluded or subject to deportation. A letter from the Deputy Attorney General dated January 13, 1960, expressing the views of the Department of Justice, refers to the decisions of the United States District Court for the Southern District of California in *Mendoza-Rivera* v. *Del Guercio*, 160 F. Supp. 473 and *Rojas-Gutierrez* v. *Hoy*, 161 F. Supp. 448, approved 260 F. 2d 457 and 260 F.2d 490 respectively, stated that the bill would amend existing laws, sections 212(a)(23) and 241(a)(11), to the end that a conviction of an alien for a violation of any law relating to illicit possession of marihuana shall render him excludable or deportable. In a subsequent analysis of the Joint Resolution it was pointed out that sections 8 and 9 of the Joint Resolution as amended would amend

---

[1] Senate Report No. 1651 (86th Cong., 2d Sess.) p. 3.

section 212(a)(23) and section 241(a)(11) of the Immigration and Nationality Act to make it certain that a conviction of an alien for violation of any law relating to illicit possession of marihuana shall render him excludable or deportable.[2]

The Statement of the Managers on the part of the House refers to the fact that House Joint Resolution 397, as amended, also includes the provisions of the House Bill strengthening our antinarcotics laws in providing for mandatory exclusion and deportation of aliens who engage or have engaged in trafficking of marihuana.[3]

The punctuation of the statute clearly shows an intent on the part of the Congress to confine the reference to the phrase "after entry" to the narcotic drug addict but there is no reference to the phrase "after entry" in that portion of the statute wherein the Congress is concerned with a person who has been convicted "at any time" of certain violations. Both the statutory language and the legislative history clearly manifest an intention on the part of the Congress to render deportable an alien who *at any time* had been convicted of violation of the law relating to illegal possession of marihuana, whether that conviction had occurred before, on or after the alien's entry into the United States. In omitting any reference to a conviction after July 14, 1960, there was clearly manifested an intention to render deportable an alien whose conviction had occurred prior to July 14, 1960. The respondent's conviction falls squarely within the terms of section 241(a)(11) of the Immigration and Nationality Act and the respondent is deportable as charged.

Counsel's argument that conviction must occur subsequent to the date of the amendment is accordingly rejected. This is not the proper forum to contest the constitutionality of the law. The respondent declined to apply for discretionary relief. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[2] Idem pp. 21–22, 27.
[3] House of Representatives Report No. 2088 (86th Cong., 2d Sess.) p. 2.