MATTER OF ROMANDIA-HERREROS

In Deportation Proceedings

A-3925805

*Decided by Board August 22, 1966*

Since Article IV of the Federal Penal Code of Mexico provides for the prosecution in Mexico of crimes committed in foreign territory by a national of Mexico where the violation of law would also be a crime in Mexico, respondent's conviction in Mexico of possessing morphine and codeine, in violation of Article 194 of the Federal Penal Code of Mexico, constitutes a conviction within the meaning of section 241(a)(11) of the Immigration and Nationality Act, as amended, notwithstanding the crime of which he was convicted was committed in the United States.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection. (1)

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—convicted of issuing a check without sufficient funds. (2)

Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violating narcotics law. (3)

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—convicted of robbery. (4)

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—convicted of crime involving moral turpitude, to wit, robo. (5)

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—No immigrant visa. (6)

The case comes forward on appeal from the order of the special inquiry officer dated April 7, 1966 ordering that the respondent be deported from the United States to Mexico on all of the charges shown in the caption, except charges (2) and (4).

The respondent was born on January 13, 1913 at Guaymas, Sonora, Mexico, the illegitimate child of Francisco Lopes Romandia and Catalina Herreros (Ex. 8). He was admitted to the United States for permanent residence on May 29, 1926 and last entered the United

States on July 15, 1959 after replying in the affirmative to the inspecting immigration officer's question of whether he was an "American." The special inquiry officer, who had an opportunity to observe the demeanor of the respondent while answering and was the best judge of credibility, refused to accept his explanation that by stating he was an American he did not intend to represent that he was a citizen of the United States but meant that he was not an African or European, found the respondent was aware that he was using the term "American" in the vernacular sense and was in fact asserting that he was an American citizen.

The special inquiry officer, in his order of October 23, 1963 found the respondent deportable on the charge stated in the order to show cause; and also found the respondent deportable under section 241 (a) (11) of the Immigration and Nationality Act because of his conviction on December 14, 1957 in the First District Court of the State of Jalisco, Mexico of possessing morphine and codeine in violation of Article 194 of the Penal Code of Mexico for which he was sentenced one year and eight months in the penitentiary. The offense of which he was convicted was actually committed in the United States and on January 13, 1955, while living in Sacramento, California, respondent was indicted in Superior Court in and for the County of Sacramento on two counts under section 11500 of the Health and Safety Code for unlawfully possessing codeine and for unlawfully possessing morphine; however, while out on bail, he left for Mexico and extradition proceedings instituted by the State of California were unsuccessful because he was a Mexican national. The special inquiry officer found, despite the respondent's denial, that the record showing conviction on March 28, 1957 in the Fifth Criminal Court, Guadalajara, Jalisco, Mexico of the crime of "Robo", and sentence to seven months in the penitentiary and fine of 200 pesos related to the respondent because of the identifying information contained in the record of conviction. However the special inquiry officer did find him not deportable on the robbery charge at that time inasmuch as he was not able to determine whether the respondent was convicted of burglary, theft or larceny. In addition, the special inquiry officer did not sustain the charge based upon conviction of issuing a check without sufficient funds in the State of California because of the expungement of the record of conviction under section 1203.4 of the California Civil Code.[1]

---

[1] Since we find the respondent otherwise deportable, we deem it unnecessary to dwell upon this point.

Subsequent to the order of the special inquiry officer on October 23, 1963 counsel for the respondent filed a motion raising for the first time respondent's claim to United States citizenship and questioning whether the order of deportation can be sustained as a matter of law based upon the Mexican conviction of violating the narcotics law. On April 10, 1964 the special inquiry officer denied the motion to reopen. On June 26, 1964 we withdrew the outstanding order of the special inquiry officer and ordered the proceedings reopened to explore the issue as to citizenship and to examine the ground of deportability based upon the foreign conviction for a crime committed in the United States.

In deportation proceedings a person claiming United States citizenship who admits he was born abroad is prima facie an alien and must meet the burden of proof in establishing his claim to citizenship.[2] The respondent's mother testified that she married the respondent's father in Mexico on March 18, 1910 (no documentary evidence of marriage); that her husband was born in Florence, Arizona and always claimed to have been a native born citizen, but she was unable to find documentary evidence of his birth in Arizona. She testified she and her husband had always told the respondent that his father was born in Florence, Arizona. The respondent testified that he had often heard his mother and father say that his father was born in the United States. He admitted however that he had never told anybody that his father was born in this country.

The Service introduced sworn statements taken from the respondent on September 1, 1944 and October 2, 1961 in which he stated that his father was born in Mexico. The immigrant visa which the respondent presented when he was admitted to the United States for permanent residence on May 29, 1926 contains the respondent's birth certificate and shows that in registering the respondent's birth his father stated that he himself was born in Guaymas, Sonora, Mexico. The mother's immigration visa with which she was admitted for permanent residence on May 29, 1926 with the respondent states that she was a widow and that her husband had been born at Guaymas, Sonora, Mexico.

The special inquiry officer finds it unbelievable that the respondent would have consistently stated to the Service that his father was born in Mexico if he knew, as he claims he has known for a long time, that his father was born in the United States. The mother's testimony that her husband told her he was born in the United States was refuted by the statement appearing in her immigration visa.

[2] *Matter of A—M—*, 7 I. & N. Dec. 332.

The respondent has not been able to produce any documentary or other evidence of his father's birth in the United States aside from the testimony of his mother. The special inquiry officer stated that he carefully observed the respondent and mother while they were testifying and it was obvious from their demeanor that they were lying. The finding of credibility by the trier of facts of the case who has had the opportunity of observing the witnesses is entitled to great weight. The allegation that the respondent's father was deported from Mexico to the United States about 1917 as a United States citizen could not be verified inasmuch as a search of the immigration records was negative. Counsel's complaint regarding the destruction and subsequent unavailability of Service records is an internal Immigration Service matter and not properly before this Board. In view of the evidence in Service records showing the father was born in Mexico as against the uncorroborated testimony of the respondent and his mother, which the special inquiry officer has found incredible, it is concluded that alienage has been established.

Counsel contends that the respondent's conviction in Mexico for an offense that was committed in the United States constitutes a conviction *in absentia*. The record relating to the conviction of the respondent on December 4, 1957 in the First District Court of the State of Jalisco, Mexico of possessing morphine and codeine in violation of Article 194 of the Federal Penal Code of Mexico shows that the Court had personal jurisdiction of the respondent. The conviction therefore can not be regarded as a conviction *in absentia* in which the convicting court does not have jurisdiction over the respondent.[3] The respondent was convicted in Mexico after a trial at which he was present with counsel. Article IV of the Federal Penal Code of Mexico provides for the prosecution in Mexico of crimes committed in foreign territory by a national of Mexico where the violation of laws would also be a crime in Mexico. We conclude that the respondent was properly convicted in Mexico and that the Mexican conviction constitutes a ground of deportability under section 241(a)(11) of the Immigration and Nationality Act.[4]

The special inquiry officer has found that the respondent was convicted in Mexico on March 28, 1957 of the crime of "Robo". Upon reexamination of the record of conviction, it was established that spare vehicle parts had been stolen from Casa Ford, that respondent had entered the Ford establishment, that the missing parts were

---

[3] See *Ex parte Koorner*, 176 Fed. 478 (E. D. Wash. 1909).

[4] Cf. *Matter of Adamo*, 10 I. & N. Dec. 593.

found in the back of a restaurant he operated and that he had been offering them for sale (Ex. 5, "0" and "P"; Ex. 6). The offense of "Robo" has been translated in the record of conviction as robbery. Under the circumstances in the case we agree with the conclusion of the special inquiry officer that the conviction of "Robo" is a conviction of a crime involving moral turpitude and that he is deportable on the fifth lodged charge. We also concur in the finding of deportability upon the sixth lodged charge.

The respondent is a long time resident of the United States, having been admitted for permanent residence on May 29, 1926. The respondent is married to a United States citizen and has one child of this marriage. He had previously been married in 1936 and had six children as a result of this marriage. Respondent's wife is employed as a waitress while he is employed as a cook. He claims that he has a heart condition and has had four or five heart attacks. In addition to the crimes previously discussed and set forth in the order to show cause, the respondent has been convicted of battery, contempt of court, drunk driving and failure to provide. Upon the record, discretionary relief is not available to the respondent. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.