Waldorf Brainard BRICE, Appellant,

v.

Glenn PICKETT et al., Appellees.

No. 74–1046.

United States Court of Appeals,
Ninth Circuit.

May 1, 1975.

Timothy H. McCarthy (argued), Calif. Rural Legal Assistance, El Centro, Cal., for appellant.

Michael E. Quinton, Asst. U. S. Atty. (argued), San Diego, Cal., for appellees.

OPINION

Before BARNES, CHOY and GOODWIN, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from an order of the district court denying appellant's petition for a Writ of Habeas Corpus. Brice is being detained by the immigration authorities pursuant to an order of deportation following a hearing in which he was found deportable under 8 U.S.C. § 1251(a)(11), which provides, in part, that an alien may be deported who "at any time has been convicted of a violation of . . . any law or regulation relating to the illicit possession of . . marijuana."

At his deportation hearing, Brice admitted both that he is an alien and that he had been convicted in Japan on September 1, 1969, upon a plea of guilty, to the unlawful possession of marijuana. The district court found the evidence supporting the finding of deportability to be clear, convincing and unequivocal. Woodby v. INS, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). We affirm.

Brice argues that Congress did not intend 8 U.S.C. § 1251(a)(11) to apply

to foreign convictions. The wording of that statute however strongly indicates that Congress did intend to include foreign convictions. A plain reading of "any law or regulation" would include foreign laws or regulations. Administrative decisions and a *per curiam* opinion from the Second Circuit have interpreted the statute as if Congress did so intend foreign convictions to be included. Gardos v. I&NS, 324 F.2d 179 (2d Cir. 1963); Matter of Romadia-Herros, 11 I&N Dec. 772 (1966); Matter of Gardos, 10 I&N Dec. 261 (1963); and *see* Gordon and Rosenfeld, Immigration Law and Procedure, § 4.12d, p. 169 (1973 Supp.). We reach the same conclusion, and hold that 8 U.S.C. § 1251(a)(11) is applicable to foreign convictions relating to narcotics or marijuana violations.

■■ Brice's argument that deportation based on a foreign conviction for possession of marijuana is unconstitutional is meritless. Congress has plenary power over the admission and expulsion of aliens. An alien resident in the United States may be deported for any reason which makes his residence here not in the best interest of the government, as determined by Congress. Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1953). That Brice falls within a class of aliens that Congress has declared is subject to deportation, is of his own doing.

■ We hold it was not error for the court below to deny Brice's request for an evidentiary hearing to relitigate the question of whether he was guilty of the narcotics offense to which he plead guilty in the Japanese court. Because we conclude that the deportation hearing was fair, the district court's review of the deportation hearing was properly confined to an examination of the administrative record. Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082 (1939). Even if Brice could prove that the foreign conviction was obtained in proceedings which if conducted in this country would be . violative of United States constitutional guarantees, we find

no requirement that a foreign court's proceedings or conviction must conform to United States constitutional standards. Matter of M, 9 I&N Dec. 132 (1960).

Affirmed.