MATTER OF PASQUINI

In Deportation Proceedings

A-19530254

*Decided by Board June 9, 1976*

(1) Respondent was convicted of a violation of Chapter 223, Section 25(5) of the Statute Law of the Bahama Islands for having a dangerous drug, Indian hemp, (marijuana), in his possession without being duly authorized. The statute under which respondent was convicted provided that knowledge of possession was relevant to the offense. Under these circumstances, respondent was deportable under section 241(a)(11) of the Immigration and Nationality Act as an alien who had been convicted of a violation of a law relating to the illicit possession of marijuana, and was therefore statutorily ineligible for adjustment of status under section 245 of the Act.

(2) *Matter of Lennon*, 15 I. & N. Dec. 9, vacated and remanded *sub. nom. Lennon v. INS*, 527 F.2d 187 (C.A. 2, 1975), distinguished.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant visitor for pleasure—remained longer

Act of 1952—Section 241(a)(11) [8 U.S.C. 1251]—Convicted of violation of law or regulation relating to illicit possession of dangerous drugs, to wit: marijuana

ON BEHALF OF RESPONDENT:
David W. Walters, Esquire
Walters and Costanzo
Suite 1001
100 Biscayne Blvd., North
Miami, Florida 33132

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

This is an appeal from an order of an immigration judge, dated January 6, 1976, finding the respondent deportable as charged, denying his application for adjustment of status under section 245 of the Immigration and Nationality Act, and ordering his deportation to Italy. The appeal will be dismissed.

The respondent, a native and citizen of Italy, last entered the United States as a nonimmigrant visitor for pleasure in 1974. Deportation proceedings were instituted against him as an alien who remained beyond the authorized period of his admission under section 241(a)(2) of the Act and as an alien who has been convicted of the violation of law

relating to the illicit possession of marijuana under section 241(a)(11) of the Act.

The immigration judge found the respondent deportable on both charges. The respondent concedes his deportability on the section 241-(a)(2) charge but denies that he is subject to deportation under section 241(a)(11). Inasmuch as a finding of deportability on the basis of a marijuana conviction acts as bar to a grant of the respondent's application for adjustment of status under section 245 of the Act, we must decide whether or not the section 241(a)(11) charge has been sustained.

The record contains a copy of the judgment and the transcript of the proceedings before a court in the Bahama Islands showing that in 1974 the respondent was convicted of a violation of Chapter 223, Section 25(5), of the Statute Law of the Bahama Islands, specifically, of having a dangerous drug, Indian hemp (marijuana), in his possession without being duly authorized.

The respondent has admitted that the record of conviction relates to him. Nevertheless, he contends that, under the court's decision in *Lennon v. INS*, 527 F.2d 187 (C.A. 2, 1975), the conviction involved here does not subject him to deportation under section 241(a)(11).

In *Lennon*, the court held that Congress did not intend to impose the harsh consequences of exclusion upon an individual convicted of possession of drugs under a foreign law that made guilty knowledge irrelevant.[1] See *Matter of Lennon*, 15 I. & N. Dec. 9 (BIA 1974), reversed on other grounds, *Lennon v. INS*, supra. The court concluded that the British statute under which the alien had been convicted imposed absolute liability for unauthorized possession of drugs and vacated the order of deportation.

The only issue before us is whether or not lack of knowledge that a prohibited substance is in one's possession is relevant to the offense as set out in the Bahamian Statute.

Chapter 223, Section 25(5) of the Bahamian Statute reads as follows:

"Where any drug to which this Act applies is, without the proper authority, found in the possession of any person or store or kept in a place other than a place prescribed for the storage or keeping of such drug, such person or the occupier or owner of such place, *unless he can prove the same was deposited there without his knowledge or consent*, and also the owner of, or other person responsible for the keeping of such drug shall be guilty of an offense against this Act." (Emphasis supplied.)

We conclude that guilty knowledge is relevant: a defendant who can prove lack of knowledge is not guilty under the terms of the statute. Consequently, this case is distinguishable from the court's decision in *Lennon v. INS*, supra, and our decision in *Matter of Lennon*, supra.

[1] The court's interpretation of Congressional intent in *Lennon v. INS*, 527 F.2d 187 (C.A. 2, 1975), applies equally to proceedings instituted against an alien under the deportation provision (section 241(a)(11) of the Act).

During oral augument, the Service requested that we recede from our position in *Matter of Lennon*, supra, that in enacting section 212(a)(23) of the Act Congress did not intend to exclude persons who were entirely unaware that a prohibited substance was in their possession. In view of the position we have taken herein, we need not address that issue.

The respondent is clearly deportable under section 241(a)(11) of the Act. As a result of the marijuana conviction, he is also statutorily ineligible for adjustment of status under section 245 of the Act. Accordingly, the appeal will be dismissed.

ORDER: The appeal is.dismissed.