## MATTER OF AWADH

### In Deportation Proceedings

### A-31145551

#### Decided by Board August 23, 1976

(1) Respondent was convicted, on a guilty plea, of possession of marijuana in violation of section 3(1) of the Canadian Narcotic Control Act, R.S.C. 1970, c. N-1 and is thus amendable to deportation under section 241(a)(11) of the Immigration and Nationality Act. Case law interpreting the Canadian Narcotic Control Act indicates that scienter or guilty knowledge is required for conviction. Thus the Canadian statute is distinguishable from the British statute which is similarly worded. *Matter of Lennon*, 15 I. & N. Dec. 9 distinguished.

(2) Respondent's claim of lack of procedural due process in the Canadian proceeding is without merit in the instant proceeding because there is no requirement in the immigration laws which requires that a foreign conviction conform to United States constitutional guarantees.

(3) Respondent's allegation of selective, arbitrary and discriminatory enforcement of section 241(a)(11) of the Act is unsubstantiated.

(4) Board of Immigration Appeals does not entertain Constitutional challenges to the statutes it administers. See *Matter of Ramos*, 15 I. & N. Dec. 671 (BIA 1976), and *Matter of L—*, 4 I. & N. Dec. 556, 557 (BIA 1951).

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of law or regulation relating to the illicit possession of marijuana

ON BEHALF OF RESPONDENT:
Abdeen M. Jabara, Esquire
658 Pallister Avenue
Detroit, Michigan 48202

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

The respondent appeals from the January 7, 1976 denial by the immigration judge of his motion to reopen and reconsider and his motion for a stay of deportation. The appeal will be dismissed.

At the original deportation proceeding the respondent admitted all of the allegations in the order to show cause and requested no discretionary relief. The immigration judge found him deportable as charged. The respondent waived his right to appeal. Deportability is predicated upon a conviction in Canada, on a guilty plea, of possession of marijuana

in violation of section 3(1) of the Narcotic Control Act, R.S.C. 1970, c. N–1.

In his motion to reopen and reconsider, the respondent urged the immigration judge, and this Board on appeal, to follow *Lennon* v. *INS*, 527 F.2d 187 (C.A. 2, 1975), and to find, as in that case, that the respondent was convicted of possession of marijuana under a statute which made guilty knowledge irrelevant. In addition, he contends that the respondent was denied procedural due process in the Canadian proceeding, where he was not represented by counsel and where the translator, the brother of the respondent's codefendant, was biased. For these reasons he states that deportability should not be based on the Canadian conviction.

The respondent further contends that enforcement of section 241(a)(11) of the Immigration and Nationality Act against him by the Immigration and Naturalization Service is arbitrary and discriminatory and that he has been improperly singled out for deportation. Lastly, the respondent asserts that section 241(a)(11) is unconstitutional in that it imposes cruel and unusual punishment for an act which in some places is not even considered criminal. We shall consider each of these arguments in turn.

In *Lennon* v. *INS*, supra, the court considered not just the wording of the British statute [1] but also the case law interpreting that statute. The result was a finding that a person could be convicted under the British statute without guilty knowledge.

The respondent contends that the Canadian statute [2] is almost identical with the British one, and that therefore it should be interpreted in the same way. However, an examination of recent Canadian cases interpreting section 3(1) of the Narcotic Control Act reveals that guilty knowledge is required for a conviction under this provision. In *Regina* v. *Kobierski* [1975], 18 C.C.C.2d 419 (Br. Col. S.Ct. 1974), the defendant was charged with possession of a narcotic on the basis of the fact that traces of morphine were found in his urine. Because he did not know that his urine contained morphine, he was acquitted. In *Regina* v. *Douglas* [1975], 18 C.C.C.2d 189 (Ont. C.A. 1974), the driver of a truck in which marijuana was found under the floor mat was acquitted because there was no evidence that he had knowledge of the presence of the marijuana. He was not the owner of the truck, and it was not proven that he had ever driven it before. In *Beaver* v. Regina [1957], S.C.R. 531, 118 C.C.C. 129 (1957), under a similar provision, it was held that a defendant in possession of a package containing a substance he believes

[1] "A person shall not be in possession of a drug unless . . . authorized . . . ." Dangerous Drugs Act 1965, Sec. 3, c. 15.

[2] "Except as authorized by this Act or the regulations, no person shall have a narcotic in his possession." Narcotic Control Act, §3(1), R.S.C. 1970, c.N–1.

is harmless but which in fact is a narcotic, cannot be convicted of possession of a narcotic. Consequently, we find the present case distinguishable from *Lennon* in that the respondent here was convicted of a violation of a statute which has been interpreted to require scienter for conviction.

With regard to the respondent's claim that he was denied procedural due process in the Canadian proceeding, there is no provision in the immigration laws to the effect that a foreign conviction must conform to the constitutional guarantees of the United States. *Matter of Gutierrez*, 14 I. & N. Dec. 457 (BIA 1973); *Matter of M—*, 9 I. & N. Dec. 132 (BIA 1960). This view has been judicially upheld. *Brice v. Pickett*, 515 F.2d 153 (C.A. 9, 1975).

The respondent's assertion that he has been singled out for selective, arbitrary, and discriminatory enforcement of section 241(a)(11) of the Act is totally unsubstantiated, and, so far as we can tell, has no merit. Regarding the alleged unconstitutionality of section 241(a)(11), we do not entertain constitutional challenges to the statutes we administer. *Matter of Ramos*, 15 I. & N. Dec. 671 (BIA 1976); *Matter of L—*, 4 I. & N. Dec. 556, 557 (BIA 1951).

For these reasons, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.