**Mario PASQUINI, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
**Respondent.**

**No. 76–3694.**

United States Court of Appeals,
Fifth Circuit.

Aug. 12, 1977.

---

David W. Walters, Miami, Fla., for petitioner.

Philip Wilens, Chief, Government Reg. & Labor Sect., James P. Morris, Robert E. Courtney, III, Attys., Criminal Div., Washington, D. C., for respondent.

Before WISDOM, GEE and FAY, Circuit Judges.

538

GEE, Circuit Judge:

Mario Pasquini is a 39-year-old citizen of Italy who currently resides in Florida. The United States Immigration and Naturalization Service (INS) moved for his deportation to Italy on two grounds: he has overstayed the six-month visa granted him on his last entry into the United States in July of 1974, in violation of 8 U.S.C.A. § 1251(a)(2) (1970); and he has been convicted of a violation of a law relating to illicit possession of marijuana, in violation of 8 U.S.C.A. § 1251(a)(11) (1970). Seeking to stave off deportation, Pasquini applied for readjustment of status to that of permanent resident alien pursuant to 8 U.S.C.A. § 1255(a) (Supp.1977); the Immigration Judge denied readjustment and upheld both grounds for deportation urged by the INS, and the Board of Immigration Appeals dismissed Pasquini's appeal. We affirm.

Pasquini left Italy in 1956 and resided for short periods in the Channel Islands and in Scotland before settling in Freeport, Grand Bahamas, in 1963. On May 20, 1971, he was arrested at his Freeport home for possession of marijuana, and a small quantity of marijuana seeds and scrapings was seized.[1] He was convicted on July 28, 1971, and chose to pay a $600 fine rather than serve the alternative 120-day jail term. His appeal was subsequently dismissed.[2] Leaving the Bahamas, Pasquini and his family—a child by his first wife, and his second wife and their child—relocated temporarily in Italy before coming to the Miami area to live. Pasquini's last entry into the United States was in July of 1974 after a brief sojourn in London. Entering from Canada at Champlain, New York,[3] Pasquini was authorized to stay for not more than six months as a "nonimmigrant visitor for pleasure."

Wholly apart from his Bahamian conviction for possession of marijuana, Pasquini is deportable for overstaying his temporary admission permit, and his only hope of remaining is that his application for discretionary adjustment of status be granted. As a condition for such discretionary adjustment, he must be "eligible to receive an immigrant visa" and "admissible to the United States for permanent residence." 8 U.S.C.A. § 1255(a)(2) (Supp.1976). A separate provision of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(a)(23) (1970), renders ineligible for a visa and excludable from admission:

"Any alien who has been convicted of a violation of . . . any law or regulation relating to the illicit possession of . . . marihuana . . . ."

Thus we must decide, as did the Immigration Judge and Board of Immigration Appeals, whether Pasquini's 1971 conviction was for violating a "law or regulation relating to the illicit possession of . . . marijuana . . ." within the contemplation of § 1182(a)(23).

The wording of this section (and its counterpart within the deportation statute, § 1251(a)(11)) is so broad as to require the conclusion that violations of foreign as well as domestic marijuana laws fall within its ambit: "*any* law or regulation relating to the illicit possession of . . . marijua-

<hr/>

1. The arresting officer testified that Pasquini emptied a coffee can into the toilet before he could be stopped, and that only a small amount of marijuana residue could be salvaged from the coffee can because Pasquini physically hindered the officer from reaching into the flushing toilet. He further testified that a few seeds and scrapings were found in the floorboard of Pasquini's automobile.

2. The reason for this dismissal is a matter of some dispute. In his brief Pasquini asserts that the dismissal was entered because of his failure to appear, resulting from his forced departure from the island after his conviction, and that this procedure—conviction followed by depor-

tation—was a common ploy for "finalizing" the convictions of white non-citizen businessmen. In the record, however, is an earlier statement of Pasquini to an INS investigator alleging that the appeal was dismissed because Pasquini was not informed of the appeal date, and stating that Pasquini and his lawyer thereafter appeared before the appellate court at Nassau, apparently attempting to reinstate the appeal.

3. Pasquini entered as a Canadian citizen using the documents and identity of another, whose identity Pasquini declined to reveal to INS investigators.

na . . . ." (emphasis added). *Brice v. Pickett,* 515 F.2d 153, 154 (9th Cir. 1975). Indeed, Pasquini does not argue otherwise. Instead he borrows heavily from *Lennon v. INS,* 527 F.2d 187 (2d Cir. 1975), in contending that the Bahamian statute under which he was convicted allows convictions for innocent as well as "illicit" possession, and thus that his conviction does not render him ineligible for admission. In *Lennon* the Second Circuit concluded, in agreement with the Board of Immigration Appeals, that since § 1182(a)(23) is addressed to violations of laws proscribing *illicit* possession, an alien should not be excluded for a conviction under a foreign statute which penalized unknowing as well as intentional possession. Finding that Lennon had been convicted of violating a British statute which made guilty knowledge irrelevant to conviction, the Second Circuit ruled Lennon not excludable.

■ However meritorious the *Lennon* reasoning and result might be in the context of the English statute, we consider here a markedly different set of facts, including a Bahamian statute which cannot be read so as to render intent or knowledge irrelevant in a prosecution for possession of marijuana. Thus the case before us does not require our acceptance (or rejection) of *Lennon.* We therefore decline to bind future panels of this Circuit by passing on the Second Circuit's holding. The British statute flatly stated that, "A person shall not be in possession of a drug unless . . . authorized . . . ." 527 F.2d at 191. The Bahamian statute on which Pasquini's conviction was based reads as follows:

> (5) Where any drug to which this Act applies is, without the proper authority, found in the possession of any person or store . . . such person or the occupier or owner of such place, *unless he can prove the same was deposited there without his knowledge or consent,* shall be guilty of an offence against this Act.

> .    .    .    .    .

> (8) For the purpose of removing doubts, it is hereby declared—

> (a) That in any proceedings against any person for an offence against this Act it is not necessary to negative by evidence any licence, authority or other matter of exception or defence, and that the burden of proving any such matter lies on the person seeking to avail himself thereof;

> .    .    .    .    .

Statute Law of the Bahama Islands, Ch. 223 (1965) (emphasis added).

By the clear terms of this statute, guilty knowledge—or want thereof—is expressly made relevant to the proceedings. Granting that the defense, rather than the prosecution, bears the burden (and must prove *lack* of knowledge), the statute nevertheless differs markedly from one under which a defendant who honestly believed he possessed aspirin tablets could be convicted if the tablets in fact contained heroin. 527 F.2d at 192. Charged with violating the Bahamian statute, a defendant is apparently entitled to prove, if he can, that his possession was unknowing and innocent.[4] Assuming without deciding that the *Lennon* holding is correct, we have here a statute which makes guilty knowledge relevant and hence is a "law . . . relating to the *illicit* possession of . . . marijuana," within the contemplation of § 1182(a)(23).

■ The same sweeping wording which persuades us that § 1182(a)(23) includes convictions under foreign law likewise compels a conclusion that such a foreign conviction need not comport with our notions of the proper conduct of criminal trials. Exclusion is required when the alien has been convicted of violating "*any law or regulation*" dealing with *illicit* possession of narcotic drugs or marijuana; the section does not contemplate—with the possible exception of the *Lennon* result—our examination of foreign convictions to determine whether they conform to domestic constitutional standards. *See Brice v. Pickett,* 515 F.2d 153, 154 (9th Cir. 1975) (construing the identical wording in § 1251(a)(11)).

---

4. Pasquini presented no evidence in his own behalf at his trial.

The Board below correctly found petitioner Pasquini excludable under § 1182(a)(23) and thus ineligible for adjustment of status under § 1255(a)(2). The decision is therefore

AFFIRMED.