Paul James McJUNKIN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 76–2306.

United States Court of Appeals, Ninth Circuit.

Aug. 2, 1978.

Ralph Hurvitz (argued), Monroe, Wash., for petitioner.

John E. Harris (argued), of Dept. of Justice, Washington, D. C., for respondent.

Before SNEED and TANG, Circuit Judges, and SCHNACKE,* District Judge.

* Hon. Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

SNEED, Circuit Judge:

Paul McJunkin, a native and citizen of Germany who entered the United States in 1956, was found deportable under 8 U.S.C. § 1251(a)(11), which provides for the deportation of any alien who "is, or hereafter at any time after entry has been, a narcotic drug addict . . ." This finding, later upheld by the Board of Immigration Appeals, was based upon an order of commitment entered by a United States District Court which found petitioner to be an addict under the provisions of the Narcotic Addict Rehabilitation Act, 42 U.S.C. §§ 3401–3426 (NARA). McJunkin contends first that the proceedings under NARA are inadmissible in a deportation action and secondly that, even if admissible, they are not sufficient to establish that he is an addict within the intendment of 8 U.S.C. § 1251(a)(11). Finally, he alleges that his deportation because of drug addiction is unconstitutional. We reject each of these contentions and affirm the Board's dismissal of McJunkin's appeal.

I.

*Admissibility of NARA Proceedings.*

■ Appellant's claim that the order of commitment under the NARA is inadmissible in a deportation proceeding is without support in statute or legislative history. Congress considered the extent to which NARA materials should be available for use in other proceedings. The House version of NARA provided that the use of procedures followed under NARA to determine narcotics addiction, or the test results thereof, was restricted to further NARA proceedings. H.R.Rep.No.1486, 89th Cong., 2d Sess. (1966), [1966] *U.S.Code Cong. & Admin. News,* pp. 4245, 4260. The Senate, however, modified the House bill and its version became the law on this point. *Cong. Rep.No.2316,* 89th Cong., 2d Sess. (1966), [1966] *U.S.Code Cong. & Admin.News,* pp. 4263–64, 4267. Currently 42 U.S.C. § 3419 provides that "[t]he results of any hearing, examination, test or procedure to determine narcotic addiction of any patient under this subchapter shall not be used against such patient in any criminal proceeding."

■ The use of NARA proceedings in deportation proceedings is therefore not barred by 42 U.S.C. § 3419 because deportation actions are civil and not criminal in nature. *Carlson v. Landon,* 342 U.S. 524, 527, 72 S.Ct. 525, 96 L.Ed. 547 (1951), *Trias-Hernandez v. INS,* 528 F.2d 366, 368 (9th Cir. 1975). The argument that admissibility in deportation proceedings will defeat the reformative purpose of the Act by discouraging alien addicts from taking advantage of its benefits must be directed to Congress and not the courts. We are not at liberty to add the words "or deportation" between the last two words of that portion of 42 U.S.C. § 3419 set out above.

II.

*Probativeness of Findings of NARA Proceedings in Deportation Proceeding.*

■ Turning to appellant's second contention, we hold that under the circumstances of this case the NARA proceedings, including the commitment order of the district court, are sufficient to establish that he is a drug addict and thus deportable under 8 U.S.C. § 1251(a)(11). The circumstances we consider controlling are (1) that the appellant initiated the NARA proceedings, requested commitment, and in no way contested the proceedings; (2) that two physicians examined the appellant in the NARA proceedings and concluded he was an addict; (3) that the district court adjudged the appellant an addict; (4) that appellant at the deportation proceedings did not request that the two physicians involved in the NARA proceedings be summoned to provide an opportunity for the appellant to challenge their conclusions; (5) that appellant introduced at the deportation proceedings no medical evidence contrary to that of the two NARA physicians, and (6) that appellant had two representatives of his choice at the deportation proceedings.

■ We emphasize the above circumstances because we hesitate to hold that determination of addiction on the part of an alien under NARA is invariably tantamount

to branding the alien as deportable under 8 U.S.C. § 1251(a)(11). Our hesitancy rests on the difference between the issue to be proved in each proceeding and the possible difference in the standard of proof that must be met in each. In NARA proceedings the issue is whether the individual is an addict who will benefit from treatment, while in deportation proceedings the question is whether the individual is currently or has ever been an addict in the period since his entry into the United States. Deportability requires proof by "clear, convincing and unequivocal evidence," *Woodby v. INS*, 385 U.S. 276, 285–86, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); 8 C.F.R. § 242.14(a) (1977); commitment under NARA, on the other hand, requires proof perhaps as demanding but not unquestionably so.[1]

These possible differences suggest to us that addiction established for NARA purposes should constitute in deportation cases at most no more than a prima facie case subject to refutation by the alien. Even should we be right in so limiting the effect of a NARA finding of addiction, it avails the appellant here nothing. He made no effort to refute the prima facie case; hence, it must control and the appellant was an addict at a "time after entry."

### III.

### *Constitutionality of Deportation for Addiction.*

 Appellant's constitutional argument is based upon *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1967). *Robinson* held that the imposition of criminal sanctions for being an addict constituted cruel and unusual punishment. Both the majority and concurrence likened addiction to a disease and concluded that

criminal sanctions must be imposed because of acts, not status. Nonetheless, Congress for many years has sanctioned exclusion or deportation of aliens because of such characteristics as contagious diseases, mental retardation or insanity. 8 U.S.C. § 1182(a). While *Robinson* proscribes the imposition of criminal sanctions for such conditions, deportation is not a criminal sanction. An individual's freedom from criminal sanctions and an alien's privilege to enter or remain in this country are unrelated concepts under our Constitution and subject to different limitations. Congress possesses plenary power over immigration and may impose conditions upon the privilege of remaining in this country which could not be imposed upon citizens. *See Brice v. Pickett*, 515 F.2d 153 (9th Cir. 1975).

AFFIRMED.

---

1. The argument that the standard of proof for the two is the same proceeds as follows: Under the NARA proceeding, the alleged addict is accorded the right to counsel, 42 U.S.C. § 3413; the right in some cases to a jury determination of factual issues, 42 U.S.C. § 3414(a); the right to cross-examine and present witnesses, 42 U.S.C. § 3414(b); he is warned of the possibility of confinement for up to 42 months if found to be an addict, 42 U.S.C. § 3413. Although not enunciated in the statute or the few cases on the subject, from those guarantees, which

are normally afforded in criminal cases, one might conclude that a standard of proof at least as high as that required for deportation must be met to establish addiction under NARA. *See United States v. Pollard*, 300 F.Supp. 1063, 1067–68 (W.D.Mo.1969) ("The same considerations which underline the necessity for strict observation of all procedural and constitutional requirements when one is deprived of his liberty by the criminal process are equally applicable to situations involving a similar deprivation by civil process [under NARA].").