MATTER OF DAVIS

In Deportation Proceedings

A–20489522

*Decided by Board May 31, 1979*

(1) For a marihuana conviction to fall within section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), the conviction must be for illicit possession or sale, and a conviction under a statute imposing strict liability for sale of marihuana is not sufficient. *Lennon v. INS,* 527 F.2d 187 (2 Cir. 1975).

(2) Where a statute by its terms does not provide for a defense based on lack of guilty knowledge, and no judicial interpretations are offered showing that the statute has been interpreted to require guilty knowledge, the Service has not established illicit sale within section 241(a)(11) of the Act. *Matter of Pasquini,* Interim Decision 2496 (BIA 1976); *Matter of Awadh,* Interim Decision 2519 (BIA 1976), distinguished.

(3) The Service's contention that *Lennon v. INS,* 527 F.2d 187 (2 Cir. 1975), which involved possession of marihuana, is distinguishable from a case involving the sale of marihuana, is rejected, because under section 21(1)(a) of the Poisons Act of Australia, the result would be the same in that conviction may be had for the sale of marihuana regardless of guilty knowledge.

(4) Section 21(1)(a) of the Poisons Act of Australia, Act Number 31 of 1966, imposes strict liability for the sale of prepared opium or Indian hemp, and conviction under this section does not result in a conviction for illicit sale under section 241(a)(11) of the Act.

Charge:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law or regulation relating to illicit traffic in marihuana

ON BEHALF OF RESPONDENT:
Ronald H. Bonaparte, Esquire
3600 Wilshire Boulevard
Los Angeles, California 90010

ON BEHALF OF SERVICE:
George W. Masterton
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated November 23, 1976, an immigration judge found the respondent deportable as charged, denied his application for voluntary departure, and ordered him deported. The respondent appeals from this decision. The appeal will be sustained.

The respondent is a 32-year-old native and citizen of Australia. He last entered the United States on June 16, 1973, as a visitor for pleasure,

authorized to remain for six months. On November 7, 1974, an Order to Show Cause was issued charging him with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11): one convicted of a violation of a law relating to illicit traffic in marihuana This charge was based on a conviction on November 14, 1969, in New South Wales, Australia, under The Poisons Act of Australia, Act Number 31 of 1966, Section 21(1)(a), involving the sale of Indian hemp. A deportation hearing was held on March 14, 1975, and June 2, 1976, before an immigration judge. The respondent was represented by counsel. The immigration judge found that the respondent had been convicted for the sale of Indian hemp, which he found to be marihuana within the meaning of section 241(a)(11) of the Act. The respondent's contentions that Indian hemp was not marihuana and that he had been convicted under a statute which imposed strict liability, in violation of the holding of *Lennon v. INS*, 527 F.2d 187 (2 Cir. 1975), were rejected. He also denied the respondent's application for voluntary departure under section 244(e) of the Act on the ground that a finding of good moral character was statutorily barred under section 101(f)(3) of the Act.

On appeal, the respondent raises the same points that he raised at the deportation hearing: that he was not convicted for a marihuana law violation and that the statute under which he was convicted imposes strict liability.

After reviewing the record, briefs submitted, and points raised at oral argument before the Board, we have concluded that the respondent is not deportable under section 241(a)(11) of the Act. Our conclusion follows from the finding that Section 21(1)(a) of the Poisons Act of Australia, under which the respondent was convicted, does not by its terms require knowledge as an element for conviction. Section 21(1)(a) states:

(1) If any person—
(a) manufactures, sells, or otherwise deals in prepared opium or Indian hemp; .

he shall be guilty of an offense against this Division.

By its clear terms, the provision is singularly devoid of any element of knowledge or *mens rea*. By contrast, Sections 21(1)(c) and (d) of the Poisons Act state in part that if any person:

(c) being the occupier of any premises *permits* those premises to be used *for the purpose of* the preparation of opium or Indian hemp; . . .
[or]
(d) being the owner or lessee of any premises *knowingly permits* . . . (Emphasis supplied.)

he is guilty of an offense under that division. These provisions contain an element of knowledge, implicit or express. This indicates that innocent

749

ownership or occupation of a building would not result in a finding of guilt under these provisions.

Other sections of the Poisons Act, such as Sections 22 and 23, also require a knowing violation. It is perhaps also significant that other sections which do assign strict liability for possession or distribution of defined substances do provide for statutory defenses. Section 21(2) states:

(2) If any person has in his possession any drug of addiction *other than prepared opium or Indian hemp*, he shall be guilty of an offence against this Division unless—
(a) he is licensed or otherwise authorized under the regulations to manufacture, sell, distribute or supply the drug;
(b) he is otherwise authorized under the regulations to be in possession of the drug; or
(c) the drug was supplied or requested to be supplied, for the use of that person, by a medical practitioner or veterinary surgeon, or on and in accordance with a prescription complying with the regulations. (Emphasis supplied.)

There are thus provisions which do free a person from strict liability for possession. Even in these cases, however, an exception is made for prepared opium or Indian hemp.

When such language is used in certain sections and not in others, it is fair to conclude that a purpose is served by this. In this case, the purpose would appear to be to hold persons strictly liable under Sections 21(1)(a) and (b) for the prohibited actions.

The terminology used in the Act therefore indicates that either through design or inadvertence Australia did not create a statute that requires guilty knowledge. This can be seen both from the terms used in Section 21(1)(a) and the fact that other provisions do require either knowing possession or allow certain statutory defenses to be interposed. The absence of such qualifying language in Section 21(1)(a) can only lead to one conclusion: that strict liability may ensue under this section.

An Australian case, cited by the respondent, in which Section 9(1)(b) of the Poisons Act is interpreted, also supports this conclusion. *Regina v. McGrath*, New South Wales Law Reports (1971) Vol. 2, p. 181; (1971) 2 N.S.W.L.R. 181. While the case interprets a section of the Act applicable to the supplying or sale of any restricted substance, the phrasing of the section is similar to Section 21(1)(a) in that it contains no element of knowledge. Section 9(1)(b) states:

no person other than a medical practitioner, dentist or veterinary surgeon, in the lawful practice of his profession as such, shall supply or sell to another person any restricted substance.

In construing this section, the court in *McGrath, id.*, concluded that the section imposed strict liability and it was not necessary for the prosecution to establish that the defendant had knowledge of the fact that he was dealing with a restricted substance. *McGrath, id.*, at 188. In reaching this conclusion, the court noted that the legislature had, in

other parts of the Poisons Act, made it plain that knowledge was required. Taking into account the subject matter and clear policy disclosed by the Act, and the absence of anything in Section (9)(1)(b) to indicate that *mens rea* was required, the court concluded that absolute liability resulted from selling or supplying a restricted substance without the authorization specifically delineated in the Act. This case, analogous to the present one, is therefore strong evidence that Section 21(1)(b) under which the respondent was convicted, does not require guilty knowledge. Several prior Board decisions in which narcotics laws were interpreted also point to this conclusion.

In *Lennon, supra*, the statute under which he was convicted read in part:

A person shall not be in possession of a drug unless . . . authorized. . . .

The court found that he was therefore ". . . convicted under a law which in effect makes guilty knowledge irrelevant and that (B) a foreign conviction under such a law does not render the convicted alien excludable." *Lennon, supra*, at 191.

In a later case in which the Board applied *Lennon* we found that Chapter 223, Section 25(5), of the Statute Law of the Bahama Islands did require guilty knowledge and we distinguished that case from *Lennon*. *Matter of Pasquini*, Interim Decision 2496 (BIA 1976); affirmed, *Pasquini* v. *INS*, 557 F. 2d 536 (5 Cir. 1977). The Bahamian law contained a provision that illegal possession would be found unless the person could "prove the same was deposited there without his knowledge or consent. . . ." In the present case, the Australian law provides for no such defense.

In another case involving a conviction under Section 3(1) of the Narcotics Control Act of Canada, R.S.C. 1970 c.N–1, we found that conviction under that section required guilty knowledge. *Matter of Awadh*, Interim Decision 2519 (BIA 1976). Although the statute there was almost identical to the British statute in *Lennon* an important distinction was that Canadian courts had interpreted the statute to require guilty knowledge before a conviction could be rendered. In this case, the Service has presented no case law on this point. This leaves only the words of the statute to be construed.

The final point to be considered is the Service's contention that *Lennon* is distinguishable because conviction here was for sale while conviction in *Lennon* was for possession. We do not, however, find that a different result necessarily follows. Under the Poisons Act, an unknowing sale of Indian hemp could lead to conviction. While this is probably unlikely, it is not inconceivable on the face of the statute. A product could be sold containing any of the various parts of the Indian hemp plant whose sale is forbidden while the seller believed it to be a perfectly

innocuous product. Given these circumstances, and the fact that the Service has provided no evidence of the fact that the Poisons Act requires *mens rea* for conviction, it cannot be said that his deportability was established by clear, convincing, and unequivocal evidence. *Woodby* v. *INS*, 385 U.S. 276 (1966).

We can only conclude that the respondent's conviction was not for *illicit* sale of Indian hemp within the meaning of the Act.[2] The respondent's conviction does not therefore bring him within section 241(a)(11) of the Act. The appeal will accordingly be sustained.

**ORDER:** The appeal is sustained and the deportation proceedings are terminated.

---

[2] Although it was not necessary to reach the respondent's claim that "Indian hemp" is not marihuana within the meaning of section 241(a)(11) of the Act, it is evident to us that this contention is without substance. Section 20 of the Poisons Act defines Indian Hemp as the "plant known as Cannabis Sativa L." All species and varieties of Cannabis are included in the statutory proscription against marihuana. *United States* v. *Kelly*, 527 F.2d 961 (9 Cir. 1976).