MATTER OF POON

In Deportation Proceedings

A-22196991

*Decided by Board March 13, 1980*

(1) Possessory offenses under the Dangerous Drugs Ordinance of Hong Kong are not offenses of strict liability, but carry the requirement of mens rea. *Compare Matter of Davis*, 16 I&N Dec. 748 (BIA 1979); *Lennon v. INS*, 527 F.2d 187 (2 Cir. 1975).

(2) Section 8(1)(a) of the Dangerous Drugs Ordinance, Chapter 134, Laws of Hong Kong, does not impose strict liability for the possession of morphine or opium and a conviction under that section does result in excludability under section 212(a)(23) of the Act.

(3) An alien convicted under a statute prohibiting possession of narcotic drugs or marijuana and providing a defendant with the opportunity to attempt to prove as a defense that his possession was unknowing and innocent, is subject to deportation as one excludable at the time of entry under section 212(a)(23) of the Act.

CHARGE:
Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under sec. 212(a)(23) [8 U.S.C. 1182(a)(23)]—convicted of possession of narcotics

ON BEHALF OF RESPONDENT: Jack Wasserman, Esquire
1707 H Street, N.W.
Washington, D.C. 20006

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated May 24, 1979, the immigration judge found the respondent deportable as charged under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as an alien excludable at the time of entry under section 212(a)(23) of the Act, 8 U.S.C. 1182(a)(23). The respondent appeals. The appeal will be dismissed.

The respondent is a 37-year-old native of China and citizen of Hong Kong. He entered the United States on April 24, 1977, at Chicago, Illinois, as a visitor for pleasure and was authorized to remain until January 5, 1978. On January 12, 1978, an Order to Show Cause was issued charging the respondent with deportability under section 241(a)(1), as an alien in violation of section 212(a)(23) of the Act at the

time of his entry. The Service was in possession of two conviction records for the respondent dated March 18, 1974, and April 11, 1974. The respondent had been convicted of possessing a dangerous drug contrary to and in violation of section 8(1)(a) of the Dangerous Drugs Ordinance, Chapter 134, Laws of Hong Kong, to wit: .4 grams of salts of esters of morphine on the first occasion and .3 grams of opium on the second occasion.

A deportation hearing was held on March 8, 1978. The respondent admitted the allegations in the Order to Show Cause, but denied deportability in that he had been convicted under a statute which "did not require guilty knowledge on the part of the accused to be proven as is mandated in the deep-rooted requirement of knowledge and intent in our legal system."

Pursuant to the immigration judge's request that the respondent and the Service produce any relevant material prior to his decision, the Service requested an opinion from the Library of Congress, Far Eastern Law Division, on the issue of mens rea, guilty knowledge, under the Dangerous Drugs Ordinance of Hong Kong. The Library of Congress advised the Service that possessory offenses under the Dangerous Drugs Ordinance were not offenses of strict liability, but carried the requirement of mens rea. The burden of proving that guilty knowledge, however, is not upon the prosecution in Hong Kong. Pursuant to an evidentiary presumption, the defendant has the onus of disproving that he had such guilty knowledge. Numerous cases were cited which discussed the defendant's burden and the requirement of guilty knowledge under section 8(1)(a) of the Dangerous Drugs Ordinance, the same section under which the instant respondent had been convicted. The Service submitted a copy of this opinion from the Library of Congress to the immigration judge along with its memorandum of law.

On appeal, the respondent, through his counsel of record, raises the same argument raised at the deportation hearing. He contends that a plea to mere possession without knowledge cannot sustain deportability.

To sustain a finding of deportability based upon a conviction prior to entry for the illicit sale or possession of narcotic drugs or marijuana, the statute under which the respondent was convicted must require "guilty knowledge" on the part of the accused. *See Lennon* v. *INS,* 527 F.2d 187 (2 Cir. 1975).

The court in *Lennon* v. *INS, id.,* found that the respondent had been convicted under a law which made guilty knowledge irrelevant and, therefore, did not render the convicted alien excludable.

In a later case in which the Board applied *Lennon,* we found that Chapter 223, section 25(5) of the Statute Law of the Bahama Islands did require guilty knowledge, and we distinguished that case from

351

*Lennon. Matter of Pasquini,* 15 I&N Dec. 683 (BIA 1976), *aff'd, Pasquini v. INS,* 557 F.2d 536 (5 Cir. 1977). The Bahamian Law contained a provision that illegal possession would be found unless the person could "prove the same was deposited there without his knowledge or consent . . ."

In another case involving a conviction under section 3(1) of the Narcotics Control Act of Canada, R.S.C. 1970 C. N-1, we found that section required guilty knowledge before a conviction could be rendered. *Matter of Awadh,* 15 I&N Dec. 775 (BIA 1976).

Most recently, in *Matter of Davis,* 16 I&N Dec. 748 (BIA 1979), the Board found that section 21(1)(a) of the Poisons Act of Australia, Act Number 31 of 1966, imposed strict liability for the sale of opium or Indian hemp. Therefore, a conviction under that section did not result in a conviction for illicit sale under section 241(a)(11) of the Act.

The instant respondent was convicted under section 8(1)(a) of the Dangerous Drugs Ordinance of Hong Kong. That section reads as follows:

(1) Save under and in accordance with this Ordinance or a license granted by the District Director thereunder, no person shall—

  (a) have in his possession . . . a dangerous drug,

  . . . .

(2) Any person who contravenes any of the provisions of subsection (1) shall be guilty of any offense and shall be liable on conviction on indictment or on summary conviction to a fine of $10,000 and to imprisonment for 3 years.

The requirement of guilty knowledge under this provision is subject to certain evidentiary presumptions. Section 47 provides:

(1) Any person who is proved to have had in his possession or custody or under his control—

  (a) anything whatsoever containing a dangerous drug,

  . . . .

shall, until the contrary is proved, be presumed to have had such drug in his possession.

. . . .

(3) Any person who is proved or presumed to have had a dangerous drug in his possession shall, until the contrary is proved, be presumed to have known the nature of such drug.

The rulings of the Hong Kong courts presented by the Library of Congress indicate that courts do not find an accused guilty of possession without conscious knowledge by the possessor of the fact of such possession. *Tsui Sheung, et al.* v. *Regina,* [1968] H.K.L.R. 171. The burden of proof is always on the prosecution to establish the guilt of a defendant beyond all reasonable doubt, even in cases where a presumption is raised by statute. *Chan Sui-Shing* v. *Regina,* [1974] H.K.L.R. 499. The effect of the presumption, therefore, is to impose upon the accused

the burden to rebut the presumption.

A similar burden to disprove guilty knowledge was imposed upon the respondent under Bahamian Law in *Matter of Pasquini, supra.* "Granting that the defense, rather than the prosecution, bears the burden (and must prove *lack* of knowledge), the statute nevertheless differs markedly from one under which a defendant who honestly believed he possessed aspirin tablets could be convicted if the tablets in fact contained heroin." *Pasquini* v. *INS*, at 539. Therefore, an alien convicted under a statute prohibiting possession of narcotics or marijuana and providing a defendant with the opportunity to attempt to prove as a defense that his possession was unknowing and innocent, is subject to deportation as one excludable at the time of entry.

We are satisfied that the Service has met its burden in establishing the respondent's deportability by clear, convincing, and unequivocal evidence. *Woodby* v. *INS*, 385 U.S. 276 (1966). The Service has submitted sufficient evidence of the Hong Kong Ordinance and its interpretation by the courts. *Compare Matter of Davis, supra.* Further, the respondent has had an ample opportunity to consider the information supplied by the Library of Congress and has failed to refute the case law interpretation of the ordinance. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.