Rodolfo Bernabe DE LA
CRUZ, Petitioner,

v.

U.S. IMMIGRATION AND NATURAL-
IZATION SERVICE, Respondent.

No. 90–70110.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 1991 *.

Decided Dec. 16, 1991.

Sherrill Kushner, Law Offices of Steven
D. Karp, Beverly Hills, Cal., for petitioner.

Michael C. Johnson, Asst. U.S. Atty., Los
Angeles, Cal., for respondent.

Before BROWNING, ALARCON and
T.G. NELSON, Circuit Judges.

PER CURIAM:

Bernabe de la Cruz appeals from the
decision of the Board of Immigration Ap-
peals (BIA) affirming the Immigration
Judge (IJ) who found de la Cruz to be a
deportable alien pursuant to 8 U.S.C.
§ 1251(a)(4) (1988).[1] Petitioner argues that

---

* The panel finds this case appropriate for submis-
sion without oral argument pursuant to Ninth
Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. Section 1251 was amended by the Immigra-
tion Act of 1990, Pub.L. No. 101–649, 104 Stat.
4978. The language in question now appears at
section 1251(a)(2)(A)(i). In addition, section
1254 was amended so that it refers to the cor-
rect paragraphs of amended section 1251. Be-

cause the amendments are not applicable to
deportation proceedings for which notice has
been provided to the alien prior to March 1,
1991, *see* Pub.L. No. 101–649, § 602(d), we refer
to the statutory sections as they existed prior to
the 1990 amendments.

the BIA should not have affirmed the IJ because: (1) the IJ abused his discretion in failing to grant a continuance of the deportation hearing; (2) the IJ erred in admitting a copy of de la Cruz's criminal record without allowing petitioner's counsel an opportunity to examine de la Cruz's public defender to ascertain whether de la Cruz understood the deportation consequences of his guilty plea; and (3) the IJ abused his discretion in failing to find de la Cruz eligible for voluntary departure pursuant to 8 U.S.C. § 1254(e). We affirm.

De la Cruz entered the United States in February 1981 without a visa. He was convicted of burglary in the first degree on July 9, 1985 in state court in California and was sentenced to two years in prison. At the conclusion of his sentence, he was turned over to the INS. On June 27, 1986, the INS issued an Order to Show Cause why de la Cruz should not be deported, charging him with being a deportable alien pursuant to 8 U.S.C. § 1251(a)(4) for having been convicted of a crime of moral turpitude within five years of entry and sentenced to prison for one year or more.

On January 29, 1987, de la Cruz was notified that he was scheduled for a deportation hearing on February 11, 1987. The notice informed de la Cruz's counsel that de la Cruz's case was scheduled for a "master calendar hearing," that de la Cruz would be expected to plead to the allegations in the charging document, and that all applications and motions for relief should be submitted at that time.

2. The section provides:

[t]he Attorney General may, in his discretion, permit any alien under deportation proceedings, other than an alien within the provisions of paragraph[ ] 4 ... of section 1251(a) of this title (and also any alien within the purview of such paragraph[ ] if he is also within the provisions of paragraph (2) of subsection (a) of this section), to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure
...
8 U.S.C. § 1254(e).

At the deportation hearing, counsel for de la Cruz sought a continuance because he was not aware that he would have to present his case on that day. The judge noted that counsel had represented de la Cruz in this matter for nine months and that, in any event, if the government was able to prove its case, de la Cruz would be statutorily ineligible for voluntary departure. On these grounds, the motion for a continuance was denied.

De la Cruz denied that he was deportable under § 1251(a)(4). In response, the government submitted a copy of de la Cruz's criminal record. De la Cruz's attorney objected, arguing that he had not had an opportunity to cross-examine de la Cruz's public defender with regard to de la Cruz's knowledge of the deportation consequences of his guilty plea. De la Cruz then testified that he did not know of the deportation consequences of his guilty plea at the time he entered it.

Counsel for de la Cruz indicated that he was seeking voluntary departure for de la Cruz pursuant to 8 U.S.C. § 1254(e).[2] The immigration judge found that de la Cruz was deportable under section 1251(a)(4) and was not eligible for voluntary departure, because he could not demonstrate that he was a person of "good moral character." The judge referred to 8 U.S.C. § 1101(f)(7) which states

no person shall be regarded as, or found to be, a person of good moral character who, during the period for which good

Section 1254(a)(2) provides that the Attorney General may, in his discretion, suspend deportation and adjust the status of any alien who: is deportable under paragraph[ ] 4 of section 1251(a) ...; has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation, and proves that during all of such period he has been and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.
8 U.S.C. § 1254(a)(2).

moral character is required to be established, is, or was—one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more. . . .

The judge also found de la Cruz statutorily ineligible for voluntary departure under 8 U.S.C. § 1101(f)(6), which states that no person shall be found to be of good moral character if they have "given false testimony for the purpose of obtaining any benefits under this chapter." The judge found that de la Cruz had violated this section by denying that he was informed of the deportation consequences of his guilty plea because he initialed the box on his conviction record indicating that he was aware of such deportation consequences. The judge further mentioned that he would deny voluntary departure as a matter of discretion on this ground.

De la Cruz appealed to the BIA, which affirmed the immigration judge on February 2, 1990. The BIA did not affirm the IJ's discretionary refusal to grant voluntary departure, only his finding that de la Cruz was statutorily ineligible. De la Cruz appeals.

We review determinations of the BIA involving questions of law de novo. Rodriguez–Rivera v. I.N.S., 848 F.2d 998, 1001 (9th Cir.1988). Our review is confined to the bases upon which the BIA relied. Martinez–Zelaya v. I.N.S., 841 F.2d 294, 296 (9th Cir.1988).

■ Although de la Cruz makes three separate arguments on appeal, all are premised on one factual allegation—that de la Cruz did not understand the deportation consequences of his guilty plea in state court. De la Cruz's argument is essentially that he was denied effective assistance of counsel in his state court criminal trial because he was not advised of the deportation consequences of pleading guilty to burglary (that burglary is classified as a crime of moral turpitude for purposes of 8 U.S.C.

§ 1251, subjecting de la Cruz to deportation). Thus, he is attempting to collaterally attack his prior conviction.

This court has held that the INS has no power to adjudicate the validity of state convictions underlying deportation hearings. Ocon–Perez v. I.N.S., 550 F.2d 1153 (9th Cir.1977). The court held that since the criminal convictions were final in that no appeals were taken from them, there was an adequate basis for the order of deportation. Id. at 1154. Similarly this court held in Morales–Alvarado v. I.N.S., 655 F.2d 172, 175 (9th Cir.1981), that once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for immigration purposes. See also Brice v. Pickett, 515 F.2d 153, 154 (9th Cir.1975) (court refuses to inquire into whether a foreign conviction that subjected appellant to deportation comported with federal constitutional standards).

In light of the IJ's correct assertion that he was not authorized to consider the validity of the state court conviction, the BIA was correct in affirming the IJ's decision that de la Cruz was deportable under 8 U.S.C. § 1251(a)(4).

■ Thus the IJ was also correct in finding de la Cruz statutorily ineligible for voluntary departure under § 1254(e).[3] As the language of the statute makes clear, the Attorney General has no discretion to allow the voluntary departure of aliens within the provisions of section 1251(a)(4) unless the alien was physically present in the United States for at least ten years after the commission of the crime. De la Cruz was not so present in the United States.

The IJ's two alternative grounds for finding de la Cruz statutorily ineligible for voluntary departure, that de la Cruz would not be able to demonstrate "good moral character" under 8 U.S.C. § 1101(f) be-

3. De la Cruz argues that the IJ found him ineligible on discretionary grounds. However, the BIA correctly noted that the IJ also relied on statutory ineligibility and it affirmed the IJ on this ground. Ninth Circuit review is limited to those arguments adopted by the BIA. Martinez–Zelaya v. I.N.S., 841 F.2d 294, 296 (9th Cir.1988).

cause of (1) his confinement for 180 days and (2) his perjury, are also valid.

■ Lastly, de la Cruz argues that the BIA erred in affirming the IJ's refusal to grant a continuance.[4] The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse. *Rios–Berrios v. I.N.S.*, 776 F.2d 859, 862 (9th Cir.1985). Since de la Cruz was statutorily ineligible for voluntary departure, the IJ did not err in refusing to continue the deportation hearing; no purpose would have been served by a continuance.

AFFIRMED.

---

**4.** De la Cruz's argument that the IJ's failure to continue violated 8 U.S.C. § 1252(b)(3), which provides that "the alien shall have a reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the government," is merely another way of stating

that the IJ abused his discretion in failing to continue the hearing.

