963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ariu T. NIU, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70336.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 19, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ariu T. Niu entered this country as a permanent resident alien from Western Samoa in 1980. In 1982, he pled guilty to a misdemeanor count of assault with a deadly weapon, and in 1988 he was convicted of the 1986 molestation of a nine-year-old girl.
 
 
 3
 In September of 1989, Niu received an order to show cause which alleged that he was deportable under 8 U.S.C. § 1251(a)(4) (West 1970) as an alien who has committed two crimes involving moral turpitude.[1] Niu admitted that the lewd and lascivious act of which he was convicted was a crime of moral turpitude but contended that the assault with a deadly weapon charge should not be regarded as a crime of moral turpitude under section 1251(a)(4). He also sought discretionary withholding of deportation under 8 U.S.C. § 1182(c).
 
 
 4
 It is well settled that a California state conviction for assault with a deadly weapon is a crime involving moral turpitude for purposes of deportation. See Gonzales v. Barber, 207 F.2d 398, 400 (9th Cir.1953), aff'd, 347 U.S. 637 (1954).
 
 
 5
 Niu's contention that he was denied effective assistance of counsel and due process at his criminal trial because he was not apprised of the immigration consequences of his conviction is a collateral attack on the criminal conviction and thus may not be adjudicated at a deportation proceeding. See De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991).
 
 
 6
 The petitioner alleges that he has been denied constitutional rights by a delay in the institution of the deportation proceedings. While this court has held that section 1252(i), calling for the institution of deportation proceedings "as expeditiously as possible after the date of conviction," permits an alien to bring an action to require commencement of a deportation proceeding, see Soler v. Scott, 942 F.2d 597, 601 (9th Cir.1991), we have never held that a delay in commencement of deportation proceedings after a conviction is a defense to the deportation.
 
 
 7
 The petitioner attempts to invoke the principles of double jeopardy. The double jeopardy clause does not implicate actions taken by separate sovereigns. Furthermore, these principles apply only to criminal proceedings. See Helvering v. Mitchell, 303 U.S. 391, 399 (1938) ("Congress may impose both a criminal and a civil sanction in respect to the same act or omission."). Deportation proceedings are "purely civil action[s]." INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984).
 
 
 8
 The order of deportation does not violate the exception to former 8 U.S.C. § 1251(a)(3) (no longer part of the code) which prevented deportation based upon institutionalization at public expense for nonpreexisting mental disease or defect. Niu was not institutionalized for being an alcoholic; neither was alcoholism the grounds for his deportation.
 
 
 9
 Finally, the BIA did not abuse its discretion by affirming the Immigration Judge's denial of discretionary relief from deportation pursuant to 8 U.S.C. § 1182(c). From the record, it appears that the BIA considered all the evidence offered by Niu, but concluded that the seriousness of his criminal offenses and the lack of convincing evidence of rehabilitation outweighed the mitigating elements. There was no abuse of discretion. See Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since November 1990, the provisions of former 8 U.S.C. § 1251(a)(4) can be found at 8 U.S.C. § 1251(a)(2)(ii) (West Supp.1991)