42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene Federico JIMENEZ-ROBLES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70451.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 25, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene Federico Jimenez-Robles, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal of an immigration judge's (IJ) order finding him deportable as an alien convicted of a controlled substance violation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 * Denial of Continuance
 
 
 4
 On petition for review, Jimenez-Robles contends that the BIA erred by affirming the IJ's denial of his request for a continuance of his deportation proceeding because (1) he had just recently secured counsel and (2) a continuance in the scheduled hearing date from June 1992 to February 1993 would enable him to established the seven years of lawful domicile necessary to be eligible for section 212(c) relief under 8 U.S.C. Sec. 1282(c). This contention lacks merit.
 
 
 5
 An IJ may grant a continuance "for good cause." 8 C.F.R. Secs. 3.29, 242.13. "The decision to grant or deny a continuance is in the sound discretion of the [IJ] and will not be overturned except on a showing of clear abuse." De La Cruz v. INS, 951 F.2d 226, 229 (9th Cir.1991); Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). Moreover, to the extent Jimenez-Robles contends that the denial of a continuance was a due process violation, he must show that he was prejudiced by the denial. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985); see also In re Sibrun, 18 I & N Dec. 345, 356-57 (BIA 1983) (IJ's denial of "continuance will not be reversed unless the alien establishes that the denial caused him actual prejudice and harm and materially affected the outcome of his case").
 
 
 6
 Here, the IJ's denial of a continuance was not an abuse of discretion. Deportation proceedings had been ongoing for almost a year, during which time Jimenez-Robles was given notice of his right to have counsel represent him at the proceedings and given a list of pro bono attorneys in the area. In addition, the proceedings were continued on several occasions. Given these circumstances, Jimenez-Robles's decision not to secure counsel until several days before the hearing was not "good cause" to continue the proceedings. Furthermore, no purpose would have been served by a continuance because Jimenez-Robles was clearly deportable and, at the time, statutorily ineligible for section 212(c) relief. See De La Cruz, 951 F.2d at 229 (no error in denying continuance where alien was statutorily ineligible for relief sought); see also In re Sibrun, 18 I & N Dec. at 356-57.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3