53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Esteban PEREZ-DIAZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70420.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esteban Perez-Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision which (1) dismissed his appeal of the immigration judge's ("IJ") denial of his motion for a continuance, and (2) summarily dismissed his appeal of the IJ's decision denying his request for voluntary departure under section 244(e) of the INA, 8 U.S.C. Sec. 1254(e). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition in part, and grant in part.
 
 
 3
 * Background
 
 
 4
 Perez-Diaz, a native and citizen of Mexico, entered the United States in 1984 as a lawful permanent resident based on his marriage to a United States citizen. After pleading guilty to discharging a firearm with gross negligence, the INS issued an order to show cause why Perez-Diaz should not be deported pursuant to 8 U.S.C. Sec. 1251(a)(2)(C) based on his conviction.
 
 
 5
 On July 22, 1993, at his first deportation hearing Perez-Diaz appeared without counsel. The IJ provided Perez-Diaz with a list of legal aid organizations and continued the deportation hearing to allow Perez-Diaz an opportunity to obtain counsel. On August 5, 1993, Perez-Diaz, represented by an attorney, conceded deportability and requested a continuance in order to prepare an application for adjustment of status. The IJ granted a second continuance and informed Perez-Diaz that he needed to have all necessary supporting documents at the next hearing. On August 19, 1993, the IJ granted a third continuance to allow Perez-Diaz to obtain the visa document necessary for an adjustment of status application and explicitly told Perez-Diaz that a current medical certificate had to be brought to the next hearing. At the November 19, 1993 hearing, the INS informed Perez-Diaz that his visa had been approved a few days earlier. Perez-Diaz requested a fourth continuance because he had not yet obtained a medical certificate. The IJ granted the continuance until December 3, 1993 and explicitly told Perez-Diaz that he had to have the necessary medical certificate at that hearing. At the December 3, 1993 hearing, Perez-Diaz submitted a medical report which was not on the required form. Perez-Diaz requested a fifth continuance in order to obtain the correct medical certificate, which the IJ denied. The IJ then found Perez-Diaz ineligible for voluntary departure because, based on the firearms conviction, he lacked good moral character.
 
 
 6
 Perez-Diaz appealed to the BIA contending that the IJ abused his discretion by denying him a fifth continuance, and by finding him ineligible for voluntary departure. The BIA found that the IJ had not abused his discretion by denying Perez-Diaz a continuance to obtain a medical certificate because the IJ previously had granted Perez-Diaz four continuances over a four and one half month period of time, two of which were for the express purpose of obtaining a medical certificate. The BIA did not address the merits of Perez-Diaz's contention that the IJ had erred in denying him voluntary departure. Rather, the BIA summarily dismissed the appeal because Perez-Diaz failed to list the issues he intended to present to the BIA with sufficient specificity and failed to file a timely brief.
 
 II
 Merits
 A. Denial of Continuance
 
 7
 Perez-Diaz contends that the BIA abused its discretion by dismissing his appeal of the IJ's denial of his motion for a continuance in order to obtain a medical certificate. This contention lacks merit.
 
 
 8
 We review de novo a claim alleging a due process violation at a deportation hearing. Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988). "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." De la Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991). "[W]hether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 9
 Here, Perez-Diaz was granted four continuances over a period of four and one half months. The last two continuances were granted expressly to allow Perez-Diaz the opportunity to obtain a medical certificate. Given these circumstances, the IJ did not abuse his discretion by refusing to grant a fifth continuance. See De la Cruz, 951 F.2d at 229; Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986) (where alien failed to obtain counsel after four months and two continuances, the IJ was justified in proceeding with hearing).
 
 B. Voluntary Departure
 
 10
 Perez-Diaz contends that the BIA erred by summarily dismissing his appeal of the IJ's decision denying his request for voluntary departure. This contention has merit.
 
 
 11
 Summary dismissals are reviewed for abuse of discretion. Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). In Padilla-Agustin v. INS, this court held that the combination of the "EOIR-26, the BIA's strict notice of appeal requirements, and the failure to give any advance warning before an appeal is dismissed [violates] the due process rights of an alien." 21 F.3d 970, 977 (9th Cir.1994).
 
 
 12
 Here, the BIA summarily dismissed the appeal because Perez-Diaz's notice of appeal (form EIOR-26) failed to list the issues he intended to present to the BIA with sufficient specificity, see 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), and because Perez-Diaz indicated on his notice of appeal that he would file a brief within 30 days, but filed the brief late, see 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E).[1]
 
 
 13
 Because the BIA summarily dismissed Perez-Diaz's claim that the IJ erred by denying his request for voluntary departure, we remand the case for the BIA to consider whether its summary dismissal complied with the standards set forth in Padilla-Agustin. 21 F.3d at 977.
 
 
 14
 REVIEW DENIED in part, GRANTED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The propriety of summary dismissal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E) based on the late filing of a brief has been called into question by Padilla-Agustin. 21 F.3d at 977. Nevertheless, even if the filing of a late brief is an impermissible reason for summary dismissal, late briefs need not be considered by the BIA. See F.R.A.P. 31(c); 9th Cir.Rule 31-2.1. We note that consideration of Perez-Diaz's late brief would not effect the outcome because Perez-Diaz only requested review of the IJ's decision regarding voluntary departure in his notice of appeal