94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Enrique RIVERA-TORRES, a.k.a. Carlos Enrique Torrez, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70848.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Enrique Rivera-Torres, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's (IJ) order finding him deportable as an alien convicted of an aggravated felony. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Rivera-Torres contends that the BIA erred by affirming the IJ's denial of his request for a continuance of his deportation proceeding while his parents complete their naturalization petitions, which would enable Rivera-Torres to seek relief from deportation through an adjustment of status application under 8 U.S.C. § 1255. This contention lacks merit.
 
 
 4
 "The decision to grant or deny a continuance is in the sound discretion of the [IJ] and will not be overturned except on a showing of clear abuse." De La Cruz v. INS, 951 F.2d 226, 229 (9th Cir.1991); Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). An IJ may grant an alien's request for a reasonable continuance "for good cause shown." 8 C.F.R. § 242.13. Among the factors an IJ should consider in deciding whether to grant a continuance are (1) the immigration court's convenience, (2) whether the need for a continuance is due to the alien's unreasonable conduct, and (3) the number and duration of continuances previously granted the alien. Baires, 856 F.2d at 92-93.
 
 
 5
 Here, the IJ's denial of a continuance was not an abuse of discretion. Deportation proceedings had been ongoing for over eighteen months and Rivera-Torres had been allowed a continuance in order to change the venue of the hearing. At the hearing, Rivera-Torres informed the IJ that his parents had only applied for citizenship within the last three months. In opposing the continuance, the attorney for the INS informed the IJ that such naturalization petitions take at least 12-18 months. Given these circumstances, the mere pendency of naturalization proceedings for Rivera-Torres's parents was not "good cause" to continue the proceedings. See De La Cruz, 951 F.2d at 229. Furthermore, no purpose would have been served by a continuance because Rivera-Torres was clearly deportable and, at the time, ineligible for adjustment of status. See id.
 
 
 6
 Rivera-Torres also asked this court to remand his petition based on his father's newly obtained citizenship in a motion which we previously denied. However, in the exercise of discretion, we stay the mandate for 60 days from the filing of this memorandum to allow Rivera-Torres the opportunity to file a motion to reopen and to seek a stay of deportation from the BIA. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3