97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Babatunde AJAYI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Sept. 25, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Asu-yqb-ivp.
 B.I.A.
 REVIEW DENIED.
 Before: BEEZER and THOMPSON, Circuit Judges, and GONZALEZ, District Judge.**
 MEMORANDUM***
 Michael Babatunde Ajayi, a native and citizen of Nigeria, seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen deportation proceedings to consider his application for suspension of deportation under section 244(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a). The BIA determined that Ajayi was not statutorily eligible for suspension, and that he did not warrant relief in the exercise of discretion. We have jurisdiction pursuant to 8 U.S.C. § 1105(a) and deny the petition for review.
 We review the BIA's denial of a motion to reopen for abuse of discretion. Watkins v. INS, 63 F.3d 844, 847 (9th Cir.1995). The BIA abuses its discretion when its decision is "arbitrary, irrational or contrary to law." Id. (quotation and citation omitted).
 Ajayi contends that the BIA's denial of his motion to reopen was an abuse of discretion because he presented exceptional equities outweighing his prior criminal convictions. Specifically, Ajayi argues that the BIA did not adequately consider his fear of persecution if returned to Nigeria,[1] his family ties in the United States and lack of family ties in Nigeria, the likelihood of severe economic deprivation if deported, the lack of other means to adjust his status, and his rehabilitation. This contention lacks merit.
 The BIA may deny a motion to reopen because the applicant failed to establish a prima facie case for the underlying relief requested, or because the applicant is not entitled to a favorable exercise of discretion. Watkins, 63 F.3d at 847.
 Here, the BIA denied Ajayi's motion to reopen on the ground that he could not establish a prima facie case for suspension due to his lack of good moral character, and on the alternative ground that he did not merit a favorable exercise of discretion due to his extensive criminal history.
 A. Prima Facie Eligibility
 In order to establish eligibility for suspension of deportation, an applicant must show that he has good moral character for the seven years preceding his application for relief. Id. at 848. A finding of good moral character is precluded for individuals who have given false testimony to obtain immigration benefits, 8 U.S.C. § 1101(f)(6), or for those who have been confined for 180 days or more as a result of a conviction, 8 U.S.C. § 1101(f)(7); see also De la Cruz v. INS, 951 F.2d 226, 227-9 (9th Cir.1991).
 Here, the record supports, and Ajayi does not contest, the BIA's finding that Ajayi gave false testimony during his deportation hearing before the immigration judge (IJ) in 1989, less than seven years prior to Ajayi's motion to reopen. See Ajayi v. INS, No. 90-70242 at 4-5 (summarizing questionable aspects of Ajayi's testimony). Moreover, in Ajayi's application for suspension of deportation, submitted to the BIA with his motion to reopen, Ajayi stated that he was in custody from August 1987 to June 1990, precluding a finding of good moral character under 8 U.S.C. § 1101(f)(7). Accordingly, because Ajayi failed to show prima facie eligibility for suspension of deportation, the BIA did not abuse its discretion by denying Ajayi's motion to reopen. See Watkins, 63 F.3d at 847.
 B. Discretion
 The BIA also denied Ajayi's motion to reopen on the basis that Ajayi would not merit a favorable exercise of agency discretion even if eligible for suspension of deportation.
 An applicant for suspension bears the burden of showing that he warrants a favorable exercise of discretion. Ramirez-Durazo v. INS, 794 F.2d 491 (9th Cir.1986). The BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying such relief." Watkins, 63 F.3d at 850 (quotations and citation omitted).
 Here, the BIA found that despite the equities in Ajayi's favor, he did not merit a discretionary grant of relief due to his "continuing disregard for the laws of this country," except when they serve his purpose.[2] The BIA gave significant weight to the Eighth Circuit's finding that Ajayi was a fugitive from justice because he failed to report for the commencement of his federal sentence.
 
 
 1
 Because the BIA considered all of the relevant factors, balanced the equities, and articulated a reasoned basis for its decision, we cannot say that the BIA abused its discretion by denying relief. See Watkins, 63 F.3d at 850.
 
 PETITION FOR REVIEW DENIED.[3]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We previously determined that Ajayi had a well-founded fear of persecution on account of political opinion, and remanded his claim to the BIA for the exercise of discretion. See Ajayi v. INS, No. 90-70242, unpublished memorandum disposition (9th Cir. May 5, 1992). We later affirmed the BIA's discretionary denial of asylum on the basis of a record "replete with evidence of petitioner's involvement in fraudulent and dishonest conduct." Ajayi v. INS, No. 92-70789, unpublished memorandum disposition (9th Cir. Jul. 13, 1994). The denial of asylum is not currently before the court
 
 
 [2]
 The BIA considered the following equities in Ajayi's favor: (1) the birth of his son in the United States in 1993; (2) his two sisters living in the United States; (3) his lack of family or support in Nigeria; (4) his ownership of an accounting firm employing United States citizens; (5) his financial support to his wife and child; (6) his allegation that he would not be able to find employment in Nigeria; (7) his thirteen-year residence in the United States; and (8) his fear that he and his son could face persecution if returned to Nigeria
 The BIA found that the following negative factors weighed against a grant of relief: (1) his illegal receipt of $4,000 in federal student aid in 1981 and 1982; (2) his fraudulent marriage in 1980; (3) his 1985 convictions based on fraudulent statements to immigration officers; (4) a 1983 state conviction for bad checks; (5) his failure to report for the commencement of his federal sentence in 1985; (6) a 1988 conviction for theft and false writing based on a fraudulent insurance claim; and (7) his presentation of false testimony during his 1989 deportation hearing.
 Although Ajayi contends that the BIA failed to consider his "sincere rehabilitation," Ajayi failed to provide any evidence in support of this claim.
 
 
 [3]
 The INS's motion to strike Ajayi's supplement to his opening brief is granted. The supplement is stricken