103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duong Trung LAM, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70504, 96-70730.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Nov. 26, 1996.
 
 Petition for Review of an Order of the Board of Immigration Appeals, No. Aaz-yjq-nvq.
 B.I.A.
 REVIEW DENIED.
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Duong Trung Lam, a citizen of Vietnam, seeks review of a decision by the Board of Immigration Appeals (BIA), ordering Lam deported under section 241(a)(4) of the Immigration and Nationality Act for having been convicted of armed robbery, a crime of moral turpitude, within five years of his entry to the United States. The BIA upheld the immigration judge's finding that Lam had abandoned his applications for asylum and withholding of deportation. We affirm.
 
 BACKGROUND
 
 3
 On August 5, 1994, the IJ sent Lam a certified mail notice that he was to appear for a hearing on October 25, 1994. The IJ subsequently postponed the hearing to November 1, 1994 and sent Lam a notice advising him of the new date. When Lam appeared without an attorney on November 1st, the IJ asked him whether he was represented by counsel. Lam replied that he was, but that his counsel was "busy" and had said that someone would be in court in his place. The IJ instructed Lam to call his attorney and to report back to the court. When Lam informed the IJ that his counsel would not appear that day, the IJ continued the hearing until November 9, 1994 for Lam to find new counsel and to prepare to present his claim for asylum and waiver of deportation. After giving Lam written notice of the new hearing date, the IJ explained that Lam would be expected to present his case with or without an attorney on November 9th. Lam replied that he understood.
 
 
 4
 On November 9, 1994, Lam returned to court with a new attorney, who requested another continuance. Counsel explained that she had just met Lam forty-five minutes before the hearing. The IJ denied the continuance but offered the opportunity to confer and to present evidence on Lam's claims for relief later that day. Counsel refused to go forward with the evidentiary hearing and reiterated her request for a continuance. The IJ again denied the request. Finding that Lam had abandoned his claims for asylum and relief from deportation by his failure to present evidence and ruling Lam ineligible for voluntary departure because he was not persuaded of Lam's willingness to depart on his own, the IJ ordered Lam deported to Vietnam.
 
 DISCRETION
 
 5
 Lam's principal complaint is that the IJ should have granted him a second continuance when he was unprepared to proceed on November 9th. The decision whether to grant a continuance, however, is left to the sound discretion of the immigration judge and will not be overturned except upon a showing of clear abuse. See Gonzalez v. INS, 82 F.3d 903, 908 (9th Cir.1996). We hold that there was no abuse of discretion.
 
 
 6
 Lam had three months after receiving notice of the hearing date in which to secure an attorney and to prepare a defense. The IJ granted one continuance after Lam appeared without counsel and clearly instructed him that he would be expected to proceed with or without an attorney at the rescheduled hearing eight days later. Although Lam appeared with a new attorney at the November 9th hearing, he was again unprepared to present his case. The IJ gave Lam's new counsel an opportunity to postpone the hearing until later that day, but she rejected the offer. Although several prior delays in Lam's case were the result of INS procedures, Lam has suggested no prejudice from these delays. He filed his request for asylum in 1987. While Lam cannot be held responsible for all the delays in his case, he had at least seven years to prepare for a hearing. Under these circumstances, the IJ's decision in denying Lam's request for a second continuance was not a clear abuse of his discretion.
 
 DUE PROCESS
 
 7
 Lam further contends that the IJ denied him due process (right to present evidence and right to counsel). These claims, however, are merely another way of asserting that the IJ abused his discretion in refusing to grant the continuance. See De La Cruz v. INS, 951 F.2d 226, 229 n. 4 (9th Cir.1991) (noting that the petitioner's argument that he was denied his right to present evidence was "merely another way of stating that the IJ abused his discretion in failing to continue the hearing"). While it is unfortunate that Lam was unable to present the merits of his claim at several earlier points in the complicated history of this case, his failure to proceed on November 9th was not a result of constitutional or statutory violations by the IJ.
 
 JURISDICTION
 
 8
 Petitioner also argued in his brief that the BIA lacked jurisdiction to issue its rulings in his case because he took a brief trip to Vietnam while an INS appeal was pending. Petitioner subsequently exhausted his administrative remedies on this point. In an order issued August 14, 1996, the BIA rejected Lam's argument. We consolidated Lam's appeal of the BIA's August 14, 1996 order with his appeal of the Board's prior April 11, 1994 ruling. At oral argument, however, petitioner conceded that the BIA possessed jurisdiction. We therefore dismiss appeal No. 96-70730.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3