107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos MARTINEZ-RIVERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70826.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided March 4, 1997.
 
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Martinez-Rivera, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals summarily dismissing his appeal from a decision of an Immigration Judge denying his application for suspension of deportation pursuant to 8 U.S.C. § 1254. We deny the petition.
 
 A. Summary Dismissal of Appeal
 
 3
 It is well established that claims not addressed in an appellant's opening brief are deemed abandoned and need not be considered on appeal. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 67, 133 L.Ed.2d 29 (1995); Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). Martinez has not challenged the procedural grounds on which the BIA dismissed his appeal. He continues to argue the merits of his underlying claim for suspension of deportation, rather than articulating grounds for concluding that the Board used an improper procedure or abused its discretion in dismissing his appeal. Therefore, he has waived his right to challenge the BIA's grounds for dismissing his appeal.
 
 B. Denial of Motion to Reopen
 
 4
 Martinez complains that the BIA did not reopen the proceedings so that he could present an asylum claim. The BIA's decision to deny a motion to reopen will be upheld unless it is arbitrary, irrational, or contrary to law. See Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). Denial of Martinez' motion was not error because he did not meet the threshold requirements for reopening.
 
 
 5
 Martinez was required to reasonably explain his failure to apply for asylum in the proceedings before the immigration judge, where he stated that he did not need asylum and had no fear of returning to El Salvador. See 8 C.F.R. § 208.4(c)(4). However, he failed to offer any explanation. He does offer an explanation to us, but that cannot help him. See De la Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991) (per curiam) ("Our review is confined to the bases upon which the BIA relied."). Moreover, Martinez failed to submit an application or any supporting documentation. Under 8 C.F.R. § 3.23(b)(1), a "motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents." See also 8 C.F.R. § 3.2(c); INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992).
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3