120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eni Russel ORTIZ-SALGADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71048.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
July 24, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Eni Russel Ortiz-Salgado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") order denying his application for suspension of deportation under 8 U.S.C. § 1254(a)(1) and voluntary departure under 8 U.S.C. § 1254(e). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 5
 Ortiz-Salgado contends that the BIA erred in finding he lacked good moral character because he was not convicted of a crime that imposes a maximum possible penalty of more than one year imprisonment. This contention lacks merit.
 
 
 6
 To qualify for suspension of deportation, a petitioner must show good moral character for a period of at least seven years immediately preceding the date of the application. See 8 U.S.C. § 1254(a)(1) (Supp.1997). To qualify for voluntary departure, a petitioner must establish good moral character for the five years immediately preceding the application. See 8 U.S.C. § 1254(e)(1) (Supp.1997). A petitioner who has been convicted of a crime involving moral turpitude cannot establish good moral character. See 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(I) (Supp.1997). However, if the maximum penalty possible for the crime of which the petitioner was convicted does not exceed imprisonment for one year and if the petitioner was not sentenced to a term in excess of six months, he may establish that he is a person of good moral character. See 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (Supp.1997).
 
 
 7
 Ortiz-Salgado was convicted of second degree burglary in violation of Cal.Penal Code § 459. Burglary is a crime of moral turpitude. See De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991) (per curiam). In California, burglary is punishable by imprisonment in the county jail not to exceed one year or imprisonment in state prison for a maximum of three years. See Cal.Penal Code §§ 18, 461 (West 1988). Although Ortiz-Salgado was sentenced to six months in the county jail, he could have been sentenced to three years in state prison.[2] Thus, the BIA correctly found that Ortiz-Salgado cannot demonstrate good moral character. See Abedini, 971 F.2d at 190-91; 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(I), (2)(A)(ii)(II). Therefore, Ortiz-Salgado does not qualify for suspension of deportation or voluntary departure. See 8 U.S.C. § 1254(a)(1), (e).
 
 
 8
 Accordingly, there is substantial evidence to support the BIA's denial of Ortiz-Salgado's application for suspension of deportation and voluntary departure. See Mabugat, 937 F.2d at 431; Hernandez-Luis, 869 F.2d at 498.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 We reject Ortiz-Salgado's contention that the Municipal Court lacked jurisdiction to impose a sentence greater than one year in his criminal conviction as factually inaccurate because he was not sentenced by the Municipal Court