**Balbir Singh BOUGHAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70465.
I & NS No. A73–419–203.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2002 *.

Decided March 11, 2002.

Fed. R.App. P. 34(a)(2).

Before WALLACE, KOZINSKI and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

Boughan, a native and citizen of India, timely petitions for review of a final decision of the Board of Immigration Appeals (Board) dismissing the appeal of the immigration judge's (IJ) denial of his application for asylum, withholding of deportation, and voluntary departure. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997). Because deportation proceedings were initiated against Boughan on March 29, 1995, and a final order of deportation was issued on March 30, 2000, the transitional rules apply to his case. We have jurisdiction to review a final order of the Board pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.

Boughan contends that he was denied his right to counsel at the deportation proceedings because, after his counsel voluntarily withdrew following the completion of testimony, the IJ admitted an Immigration and Naturalization Service investigatory report while Boughan was not represented. However, neither the IJ nor the Board relied upon the INS report in finding Boughan not credible. Therefore, he cannot establish the requisite prejudice to invalidate the deportation proceedings due to denial of counsel. *See Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993).

The IJ did not abuse her discretion in denying Boughan's requested continuance because he failed to show good cause for the request. *See De La Cruz v. INS*, 951 F.2d 226, 229 (9th Cir.1991) (per curiam).

Where, as here, the Board adopts the IJ's decision while also adding its own reasoning, we review the decisions of both the IJ and the Board. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review credibility findings of the IJ and Board for substantial evidence, and we uphold the adverse credibility finding unless the evidence compels a contrary result. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). The IJ and Board provided "specific, cogent" reasons to support the adverse credibility finding, *see de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997), including the fact that Boughan appeared to have learned a "script" and was unable to provide any details beyond that script, *cf. Singh–Kaur,* 183 F.3d at 1153. Thus, the denial of asylum was appropriate. *See Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir. 1997). Because Boughan did not meet the standard for granting asylum, it follows that he also did not satisfy the more stringent standard for withholding of deportation. *See id.,* 111 F.3d at 725.

Under IIRIRA's transitional rules, we lack jurisdiction to review the Board's discretionary decision to deny Boughan the privilege of voluntary departure. *See Beltran–Tirado v. INS,* 213 F.3d 1179, 1182 (9th Cir.2000).

PETITION FOR REVIEW DENIED.