Javier **MEDINA–CAMPOS,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–70634.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaveh Ardalan, Fullerton, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michael P. Lindemann, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and CLIFTON, Circuit Judges.

MEMORANDUM **

Javier Medina–Campos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") order denying his request for a continuance and finding him removable. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for an abuse of discretion the decision to deny a continuance, *De La Cruz v. INS,* 951 F.2d 226, 229 (9th Cir.1991) (per curiam), and review de novo due process contentions, *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002). We deny the petition for review.

The IJ did not abuse his discretion in denying Medina–Campos' request for a continuance to locate his estranged wife and ask her to submit a visa application on his behalf. Medina–Campos was granted a change of venue and had already received one continuance to locate his wife, and presented no evidence of how a further continuance would assist him in doing so. *See Baires v. INS,* 856 F.2d 89, 91, 92–93 (9th Cir.1988) (discussing factors IJ

must consider when adjudicating a request for a continuance).

Because the IJ did not abuse his discretion by denying Medina–Campos a continuance, his due process violation fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a procedural due process challenge to deportation proceedings, alien must show error and substantial prejudice).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

