Liana GRIGORYAN; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72049.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 17, 2007.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

James L. Rosenberg, Esq., CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Liana Grigoryan and her son, Gegham Melkonyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order sum-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

marily affirming the Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review claims of due process violations in deportation proceedings de novo. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Grigoryan's sole contention before this court is that the IJ denied her due process by requiring the merits hearing to proceed despite Grigoryan not having counsel present. Contrary to the government's contention, Grigoryan exhausted this claim before the BIA. *See Biwot v. Gonzales*, 403 F.3d 1094, 1097–98 (9th Cir.2005).

Grigoryan's due process claim is in essence a claim that the IJ abused her discretion by not granting a continuance. *See De la Cruz v. INS*, 951 F.2d 226, 229 n. 4 (9th Cir.1991) (noting that the petitioner's argument that he was denied his right to present evidence was "merely another way of stating that the IJ abused his discretion in failing to continue the hearing"). The IJ had warned Grigoryan that the merits hearing would proceed with or without counsel, yet Grigoryan fired her attorney just a few weeks prior to the hearing. The IJ's refusal to grant a continuance under these circumstances was not an abuse of discretion, and it therefore did not violate Grigoryan's due process rights.

**PETITION FOR REVIEW DENIED.**