Juan **PALACIOS–GALVAN, Petitioner,**

v.

Loretta E. **LYNCH, Attorney General, Respondent.**

No. 13–74462.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Thomas A. Lappin, Esquire, Law Office of Thomas A. Lappin, San Diego, CA, for Petitioner.

Richard Zanfardino, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Juan Palacios–Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir.2008) (per curiam), and for substantial evidence the agency's factual findings, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

The agency did not abuse its discretion in denying Palacios–Galvan's motion for a continuance to wait for the enactment of comprehensive immigration reform. *See Sandoval–Luna*, 526 F.3d at 1247 (quoting *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir.1991) (no abuse of discretion in denying a continuance where the relief sought was not immediately available)).

Substantial evidence supports the BIA's denial of CAT relief based on Palacios–Galvan's failure to demonstrate a particularized threat that he would be tortured. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir.2008) (per curiam) (evidence of generalized violence insufficient to establish petitioner "would face [a] particular threat of torture beyond that of which all citizens of [the country] are at risk"). We reject Palacios–Galvan's contentions that the agency failed to consider record evidence or that its analysis was deficient. Thus, Palacios–Galvan's CAT claim fails.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

