NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUSTAVO CERON-ALVAREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73083

Agency No. A205-716-622

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,[***] District
Judge.

Gustavo Ceron-Alvarez petitions for review of a Board of Immigration

Appeals ("BIA") order upholding the denial by the immigration judge ("IJ") of his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (the "CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part.

1. We lack jurisdiction to consider Ceron-Alvarez's arguments regarding the denial of his application for cancellation of removal. 8 U.S.C. § 1252 strips us of jurisdiction to review "any judgment regarding the granting of [cancellation of removal] relief under section . . . 1229b," 8 U.S.C. § 1252(a)(2)(B)(i), but creates an exception where a proper petition raises "constitutional claims or questions of law," *id.* § 1252(a)(2)(D). "Because the petitioner bears the burden of raising a colorable constitutional claim or question of law, it necessarily follows that we must presume that we lack jurisdiction absent such a showing." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (citation omitted).

Ceron-Alvarez seeks to avail himself of this exception in arguing that the BIA and the IJ violated his constitutional right to due process by failing to consider the severity of the mental health issues of his children's mother, Yuritzi Garcia, or the fact that he was granted legal custody of the children in reaching the threshold determination that he failed to demonstrate exceptional and extremely unusual hardship to qualifying relatives, his children. 8 U.S.C. § 1229b(b)(1)(D). His due process argument is not supported by the record. The IJ's summary of facts details Garcia's mental health struggles and specifically notes that Ceron-Alvarez was given

2

custody "out of concern with Ms. Garcia's mental health." The IJ's legal analysis section again discusses her mental health issues and concludes that because Garcia is receiving treatment for her condition, "this support would assist Ms. Garcia in finding stable employment and caring for her children should [Ceron-Alvarez] be removed." To the extent Ceron-Alvarez argues that the IJ should have weighed Garcia's mental health issues differently, that "is nothing more than an argument that the IJ abused his discretion," which is "a matter over which we have no jurisdiction." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Because the record shows that the IJ did consider these facts, Ceron-Alvarez has failed to raise a colorable due process claim that would grant us jurisdiction to review the BIA's affirmance of the IJ's decision.

2. Similarly, we lack jurisdiction to review the BIA's affirmance of the IJ's alternate holding denying Ceron-Alvarez's application for cancellation of removal as a matter of discretion. To the extent Ceron-Alvarez's argument relies on the IJ's failure to consider Garcia's mental health, that issue is dealt with above. To the extent he questions the merits of the IJ's determination, we do not have jurisdiction to review that decision. *See Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012).

3. Ceron-Alvarez argues that the BIA erred in finding that the IJ did not err by failing to grant him a seventh continuance during which to gather additional evidence. The government argues that this claim is procedurally defaulted because

Ceron-Alvarez failed to formally request an additional continuance and that a continuance was not required regardless. We have "jurisdiction over petitions challenging an IJ's discretionary denial of a continuance, even absent constitutional claims." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Id.* (quoting *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991)). In 2013, the BIA remanded Ceron-Alvarez's petition for cancellation of removal. Over the next four years, he obtained six continuances in order to get an attorney and to gather evidence. During those four years, Ceron-Alvarez did not gather the required evidence, and he did not hire an attorney until the day before the sixth continuance. Given these circumstances, regardless of whether Ceron-Alvarez formally requested a seventh continuance, it was a proper exercise of the IJ's discretion not to further delay the proceedings.

4. We lack jurisdiction to consider Ceron-Alvarez's appeal of his applications for asylum, withholding of removal, and protection under the CAT. The BIA affirmed the IJ's determinations on these applications because "[o]n appeal, the respondent ma[de] no arguments challenging" them. "Issue exhaustion is a jurisdictional requirement." *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021). Accordingly, because "[w]e lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA," *Tijani v. Holder*,

4

628 F.3d 1071, 1080 (9th Cir. 2010), we lack jurisdiction here.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**