**Felipe VEGA–ZAMORA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71086.
INS No. A77–216–033.

United States Court of Appeals, Ninth Circuit.

Submitted * Aug. 7, 2002.

Decided Aug. 14, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

Before T.G. NELSON, PAEZ and TALLMAN, Circuit Judges.

## MEMORANDUM **

Felipe Vega–Zamora petitions this court to review the decision by the Board of Immigration Appeals (BIA) dismissing his appeal of removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(b) and we deny the petition.

### I

Because the parties are familiar with the facts, we do not recite them here. We review de novo whether removal proceedings violated an alien's due process rights. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). Due process under the Fifth Amendment requires that aliens in removal proceedings "receive a full and fair hearing." *Jacinto v. INS,* 208 F.3d 725, 727 (9th Cir.2000). A due process violation occurs only when, as a result of the lack of a full and fair hearing, the outcome of the proceeding has been affected and the alien has been prejudiced. *See*

*Larita–Martinez,* 220 F.3d at 1095. In removal proceedings, an alien "shall have a reasonable opportunity ... to present evidence on the alien's own behalf ...." 8 U.S.C. § 1229a(b)(4)(B).

■ Vega–Zamora alleges that he was not given a reasonable opportunity to present evidence to challenge the immigration laws under which he was being removed because the Immigration Judge told him he had to prepare his constitutional challenges in one day. We hold that Vega–Zamora was given a reasonable opportunity to present evidence and that his rights were not violated.

Vega–Zamora had much longer than one day to prepare his arguments. He received his Notice to Appear on July 27, 1998; removal proceedings were held in October and November of 1998. Thus, he had a reasonable opportunity to prepare and develop any arguments (constitutional or otherwise) he wished to make during the proceedings.

■ Even if we were to hold that the Immigration Judge erred in giving Vega–Zamora only one day to make his constitutional arguments, we would not grant the petition because there was no prejudice in this instance. According to Petitioner's argument, he is entitled to live and work in the United States because he is an economic refugee and therefore not removable. Whatever the merits of this position, Congress has decided otherwise. *See* 8 U.S.C. § 1101(a)(42)(A) (defining a "refugee" as one who has suffered persecution or a "well-founded fear of persecution *on account of race, religion, nationality, membership in a particular social group, or political opinion* ....") (emphasis added). Given that the Supreme Court has "long recognized the power to expel or

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control," *Shaughnessy v. United States,* 345 U.S. 206, 210, 73 S.Ct. 625, 97 L.Ed. 956 (1953), Vega–Zamora cannot establish that the outcome of the proceedings would have been affected by the Immigration Judge's decision.

## II

An Immigration Judge's decision whether or not to grant a continuance is reviewed for abuse of discretion. *See Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988). "The Immigration Judge may grant a motion for a continuance for good cause shown." 8 C.F.R. § 3.29. Whether the denial of a continuance constitutes abuse of discretion is examined on a case-by-case basis. *Baires,* 856 F.2d at 91.

 The Immigration Judge did not abuse his discretion in refusing to grant a continuance of more than one day in this instance. As noted, Petitioner had more than three months to prepare his constitutional arguments prior to the hearing. Given that the Immigration Judge could not consider the arguments anyway, granting a longer continuance would have served no purpose. *See Liu v. Waters,* 55 F.3d 421, 426 (9th Cir.1995) (Neither the Immigration Judge nor the BIA has "jurisdiction to decide questions of the constitutionality of the immigration laws."). Therefore, the Immigration Judge did not abuse his discretion. *See De La Cruz v. INS,* 951 F.2d 226, 229 (9th Cir.1991); *see also In re Sibrun,* 18 I. & N. Dec. 354, 356–57 (B.I.A.1983) (stating that a "motion for continuance based upon an asserted lack of preparation and a request for opportunity to obtain and present additional evidence" requires (1) that a good faith effort was made to be ready and that additional evidence will be "probative, non-

cumulative, and significantly favorable to the alien" and (2) that denial of a continuance caused the alien "actual prejudice and harm and materially affected the outcome of his case.").

For the foregoing reasons, the petition is DENIED.